## BERT CROW *v.* THE STATE.

### (*Knoxville.* September Term, 1916.)

1. **CRIMINAL LAW. Appeal. Reversal. Error in sentence of confinement.**

Error in the trial court's judgment as to period of confinement of accused may be corrected by the appellate court without reversal. (*Post, p.* 337.)

Case cited and approved: Cowan v. State, 117 Tenn., 247.

2. **CRIMINAL LAW. Appeal. Record. Bill of exceptions.**

Before error can be assigned upon the charge of the trial judge, the entire charge must be contained in the bill of exceptions, or the bill of exceptions must show affirmatively that the portion quoted is all that the trial judge said on the subject. (*Post, pp.* 337, 338.)

Case cited and approved: Holder v. State, 119 Tenn., 178.

3. **ARSON. Elements. Burning.**

Under Shannon's Code, sections 6529-6531, as to arson and maliciously setting fire to buildings; it is sufficient that accused set fire to a building willfully and maliciously, although the building was not thereby destroyed. (*Post, pp.* 338, 339.)

Code cited and construed: Secs. 6529-6531 (S.).

4. **ARSON. Elements. Intent.**

Under these statutes, a particular intent, or malice against a particular person or thing, is not essential; it being sufficient to show that accused was actuated by malicious purpose, and that he set fire to a building willfully rather than negligently or accidentally. (*Post, p.* 339.)

5. **ARSON. Burning.**

Where a prisoner in a concrete and brick calaboose set fire to the door, which was the only combustible part of the building, he was guilty under these statutes; it being immaterial that

the balance of the building was composed of fireproof material if the door would burn. (*Post, pp.*, 339, 340.)

6. ARSON.    Elements.    Burning.

Under these statutes it is sufficient to complete the offense if a building is so set on fire that the nature of the fiber of the combustible to which fire is set is changed or charred. (*Post, p.* 340.)

Case cited and approved:   Benbow v. State, 128 Ala., 1.

FROM CARTER.

Appeal from the Circuit Court of Carter County. —DANA HARMON, Judge.

ALLEN & CLARK, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Carter county for that he, "in the county aforesaid then and there unlawfully, feloniously, willfully, and maliciously did set fire to and burn the calaboose, a building the property of the town of Elizabethton, Tenn., and against the peace and dignity of the State," and in the second count thereof that he "unlawfully, maliciously, feloniously, and willfully did set fire to and burn a building, the city

jail or calaboose, the property of the incorporation of the town of Elizabethton Tenn., said building being located and situated in the incorporated limits of said town, and against the peace and dignity of the State."

The jury returned a verdict that the "defendant is guilty of arson in the manner and form as charged in the indictment." Motions for new trial and in arrest of judgment were made and separately overruled by the trial judge, who pronounced judgment that the plaintiff in error undergo "confinement in the penitentiary for a period of from three to ten years, in accordance with the verdict of the jury."

The preponderance of the evidence shows that plaintiff in error is a boy about nineteen years of age, and was confined in the calaboose at Elizabethton, first for disorderly conduct, and after he was released upon this charge he immediately interfered with an officer who was putting one Renfro into the calaboose upon a like charge, and the officer then in turn restored the plaintiff in error to the calaboose, and as he did so Renfro escaped. A short time after plaintiff in error was confined as stated, witnesses saw smoke puffing out of the window, and when the city marshall arrived at the calaboose he found that the bedding placed there for the benefit of prisoners was on fire and was against the door of the building. The marshal says:

"The fire had smoked and scorched the door and charred it some at the bottom. We put the fire out."

The building was constructed of brick and concrete, except the door, which it is shown in the evidence, was combustible and, we assume, was made of wood. At all events, it is shown definitely that the door was the only part of the building that would burn. The plaintiff in error made threats to different ones that if he was put in the calaboose he would burn it down, and while he was in arrest he practilly conceded to the officers that he had set fire to the door. He says he knew that the building would not burn except the door, and that he knew it would burn.

The bill of exceptions states that:

"That part of the charge dealing with the testimony of witnesses, their credibility, weight and credibility of evidence, etc., alike applicable to all cases, statutory definition of arson, etc., is omitted here."

The bill of exceptions recites a portion of the charge of the trial judge, which is as follows:

"As to the facts of the case, gentlemen, I charge you that, if you find that the defendant set fire to the quilts in the jail or calaboose, and put them over against the door, and the door was charred in the least by the fire, that is, if the grain of the wood was destroyed by the fire and the fire was willfully and knowingly set to the quilts by the defendant, he is guilty. It makes no difference whether the building was fireproof or not, if the door could have been burned and was burned as stated, the defendant

would be guilty, and the fact that he may have only intended to effect his escape from the prison by attracting attention to the fire would make no difference if he willfully and purposely set fire to the said bedding.''

In overruling the motion for new trial the court said:

''The facts make the case a doubtful one, but that, as the question had not been directly passed upon by our supreme court, he was going to allow the verdict to stand and let the supreme court settle it.''

The judgment of the trial court that plaintiff in error undergo confinement in the penitentiary of the State for a period of from three to ten years was erroneous. It should have been that he undergo confinement in the penitentiary of the State for not less than two or more than twenty-one years. But this error can be corrected here without a reversal of the case. *Cowan* v. *State,* 117 Tenn., 247, 96 S. W., 973.

There is error in that paragraph of the charge just quoted in that it fails to contain the element of malice which is essential under the provisions of our Code to be hereafter stated, but manifestly this court cannot say that such an error was prejudicial, for the reason that the entire charge is not set out in the bill of exceptions, nor is it stated that the paragraph quoted is the only part of the charge which bears upon the subject under discussion. We

have frequently held that before error can be assigned upon the charge of the trial judge the entire charge must be contained in the bill of exceptions, or the bill of exceptions must show affirmatively that the portion quoted is all that the trial judge said upon the subject. *Holder* v. *State,* 119 Tenn., 178, 104 S. W., 225.

By section 6529, of Shannon's Code, it is provided that:

"Any person who willfully and maliciously burns the house or outhouse of another is guilty or arson, and shall be punished by confinement in the penitentiary not less than five or more than twenty-one years."

By section 6530 it is provided:

"Every person who willfully and maliciously sets fire to or burns any house or building in a town or city, or procures the same to be done, shall be punished as for arson."

And by section 6531 it is provided:

"Every person who shall willfully and maliciously burn or set fire to any house, barn, stable or other valuable building, or any building containing valuable property therein . . . shall be imprisoned in the penitentiary not less than two or more than twenty-one years."

We have set out the foregoing sections of the Code to show the modifications of the common law which our legislature has made. The first section quoted contains the common-law definition of arson, and

Crow v. State.

by the following sections it is made unlawful for any person to willfully and maliciously "set fire to any building," etc.   These sections dispense with the necessity that the subject of the arson should be destroyed by fire; it is sufficient under them that the prisoner set fire to the building willfully and maliciously.   The existence of malice, as a necessary ingredient of the offense, either at common law or under our statute, cannot be doubted.   5 C. J., 541, sec. 2.

But a particular intent or malice against a particular person or thing is not essential under our Code provisions, because none is prescribed by the statute, and none was required at the common law. It is sufficient to show that the accused was actuated by a malicious purpose, and that he set fire to the building willfully rather than negligently or accidentally.

It is suggested in the brief of plaintiff in error that setting fire to the calaboose was not an offense under the sections of the Code above quoted, because the jail or calaboose is not a building within the meaning of the statute, and also because this particular calaboose was constructed of concrete and brick, and would not burn.   It is said that the nature of the construction negatives the malicious intent, because the plaintiff in error must have known that he could not burn it.   But a sufficient reply to this is the conceded fact that the door, through which the plaintiff in error doubtless hoped to es-

cape, was combustile and would burn, and he had set the quilts on fire and placed them against the door. They were so located and on. fire when the marshal came to the. calaboose. It is immaterial that the balance of the building was composed of fireproof material if the door would burn. The purpose of this building was to confine those accused of violating the city ordinances, and the door was very essential to this purpose. As stated above, the legislature enlarged the definition of arson by providing ''that it shall be a felony for any one to set fire to a building.''

At the common law the offense of arson was not complete unless there was a burning. Authorities have differed as to the extent and nature of the burning that is required to complete the offense, but under the statutes above quoted it is sufficient to complete the offense to set fire to the building. This means, of course, that there must be a burning, but it is sufficient if the nature of the fiber of the combustible to which the fire is set is changed or charred. 5 C. J., 544; 2 R. C. L., 498; *Benbow* v. *State,* 128 Ala., 1, 29 South., 553.

The judgment is corrected and affirmed.