## HECKATHORN *v.* HECKATHORN.

1. DIVORCE—EXTREME CRUELTY.
    An absolute divorce or a limited divorce may be decreed where it is shown that extreme cruelty is practiced by one spouse upon another (3 Comp. Laws 1929, § 12729).

2. STATUTES—CONSTRUCTION OF WORDS AND CLAUSES.

Words and clauses in different parts of a statute must be read so as to harmonize with the subject-matter and general purpose of the statute.

3. SAME—PARTICULAR CLAUSE OR SECTION CONSTRUED ACCORDING TO GENERAL MEANING AND OBJECT.

If the general meaning and object of the statute be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to that purpose.

4. SAME—LITERAL CONSTRUCTION—LEGISLATIVE INTENT.

The mere literal construction of a statute ought not to prevail if it is opposed to the intention of the legislature apparent from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, that construction should be adopted.

5. SAME—"OR" AND "AND."

While words "or" and "and" are not to be treated as interchangeable and are to be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words and one read in place of the other in deference to the meaning of the context.

6. DIVORCE—SEPARATE MAINTENANCE—STATUTES.

Separate maintenance statute *held,* to require that but one cause for divorce be shown to entitle wife to decree for separate maintenance (3 Comp. Laws 1929, § 12794).

Appeal from Ingham; Carr (Leland W.), J. Submitted April 8, 1938. (Docket No. 58, Calendar No. 39,801.) Decided June 6, 1938.

Bill by Mary E. Heckathorn against Jacob H. Heckathorn for separate maintenance. Decree for plaintiff. Defendant appeals. Affirmed.

*Fred L. Warner,* for plaintiff.

*Pierce, Planck & Ramsey,* for defendant.

POTTER, J.  Plaintiff filed a bill for separate maintenance against defendant.  From decree for plaintiff, defendant appeals.

Plaintiff (now 58 years of age) was married to defendant (now 71 years old) at Hillsdale in 1914. Plaintiff alleges she left defendant March 6, 1936. It is unnecessary to detail the testimony supporting plaintiff's claim.  It is conceded by defendant the evidence of extreme cruelty is sufficient to support a finding of grounds for divorce.  There were allegations of failure of defendant to support plaintiff but sufficiently explained.  They are unimportant.

We start then with the concession plaintiff was entitled to a divorce.  The question is, Was she entitled to a decree for separate maintenance?  It is defendant's contention that unless he neglected and refused to support his wife she was not entitled to a decree against him under the separate maintenance statute (3 Comp. Laws 1929, § 12794 [Stat. Ann. § 25.211]).  This is the only question of importance contested in the case.

The title to this act is ''An act to provide wives with property and maintenance from their husband's estates when neglected or deserted by them, or when the husband has become an habitual drunkard or has practiced extreme cruelty towards his wife or committed any offense sufficient to entitle the wife to a decree of divorce or separation.''

Section one of this act (3 Comp. Laws 1929, § 12794 [Stat. Ann. § 25.211]), provides:

''That whenever a husband shall, without good and sufficient cause, desert his wife, or shall have hereafter deserted his wife without good and sufficient cause, being of sufficient ability to support her, or shall have become an habitual drunkard since their marriage, or practiced extreme cruelty towards her,

or committed the crime of adultery, or any other offense that entitles the wife to a decree of divorce or of separation, *and* shall refuse and neglect to support his wife, either the wife or husband being a resident of this State, the circuit court in chancery of any county in this State in which said husband or wife shall reside, shall, on the application of the wife by petition, allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine, in its discretion, and during the pending of the proceeding may require the husband to pay such sums to carry on the proceeding, or for her support, as it shall deem necessary, in like manner as provided * * * in case of suit for divorce: *Provided,* That no decree shall be made in favor of the petitioner unless on the hearing either such a state of facts shall appear as would entitle her, as far as the husband's wrongful acts are shown, to a decree for divorce upon the grounds specified in the petition, or unless such a state of facts set out in the petition shall be proven as shall make it appear that the respondent has deserted the petitioner with intent to leave her without adequate means of support without good and sufficient cause."

An absolute divorce or a limited divorce may be decreed where it is shown that extreme cruelty is practiced by one spouse upon another. 3 Comp. Laws 1929, § 12729 (Stat. Ann. § 25.87).

Defendant's contention is based upon the use of the conjunction "and" in the first part of the statute above quoted. He claims extreme cruelty upon his part was not alone sufficient to authorize the court to grant a decree for separate maintenance to plaintiff.

The object of the separate maintenance statute is expressed in its title. In it the disjunctive "or" is

used throughout. It is also used in the proviso to the act where reference is made to the cause of the husband's desertion of the wife with intent to leave her without means of support without sufficient cause, for which relief may be decreed. It is preceded there by the word "either," which is followed by language indicating that but one state of facts need appear to entitle a woman to a divorce, and not two, since the single article "a" is used.

Words and clauses in different parts of a statute must be read so as to harmonize with the subject-matter and general purpose of the statute. If the general meaning and object of the statute be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to that purpose. The mere literal construction ought not to prevail if it is opposed to the intention of the legislature apparent from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, the law requires that construction to be adopted. 2 Lewis' Sutherland, Statutory Construction (2d Ed.), § 370.

The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context. 2 Lewis' Sutherland, Statutory Construction (2d Ed.), § 397; Maxwell, Interpretation of Statutes (5th Ed.), p. 520; *People* v. *Harrison,* 194 Mich. 363.

In *People, ex rel. Municipal Gas Co. of City of Albany,* v. *Rice,* 138 N. Y. 151 (33 N. E. 846), it is said that the words "and" and "or" when used in a statute are convertible as the sense may require.

Substantially the same rule is laid down in 25 R. C. L. p. 977; and 2 C. J. p. 1338, says:

"In order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.'"

This seems to be the general rule. *People* v. *Harrison, supra; Morse* v. *Tracy,* 91 Vt. 476 (100 Atl. 923); *State, ex rel. Wisconsin Dry Milk Co.,* v. *Circuit Court for Dodge County,* 176 Wis. 198 (186 N. W. 732); *Commonwealth* v. *Bartholomew,* 265 Ky. 703 (97 S. W. [2d] 591); *South East Public Service Corp. of Virginia* v. *Commonwealth, ex rel. State Corp. Comm.,* 165 Va. 116 (181 S. E. 448); *Carlsen* v. *State,* 127 Neb. 11 (254 N. W. 744); *State, ex rel. Spillman,* v. *Brictson Manfg. Co.,* 114 Neb. 341 (207 N. W. 664, 44 A. L. R. 1172); 3 C. J. S. pp. 1068, 1069.

The statute when read as a whole does not require more than one cause for divorce to be shown in order that a wife may be granted a decree for separate maintenance under 3 Comp. Laws 1929, § 12794.

Decree affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.