105 N.J. Super. 172 (1969)
251 A.2d 464
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH HEARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1969.
Decided March 25, 1969.
*173 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Gerald T. Foley, Jr., Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Neil S. Cooper, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
PER CURIAM.
Defendant was convicted upon an indictment which charged that he "did willfully and maliciously set fire to a motor vehicle * * * with intent to burn the said motor vehicle," contrary to N.J.S. 2A:89-2. He appeals on three grounds: (1) "Arson was not committed because there was no burning, merely a scorching"; (2) "the judge in his charge told the jury that Heard had thrown the bomb," and (3) "the shirt which the state claimed belonged to Heard should not have been admitted into evidence."
Defendant allegedly threw a lighted gasoline bomb at a fire truck. He states that "the portion of the truck hit by the bomb was a metal turntable * * *. It did not burn. It merely had to be cleaned because it had been scorched. The only thing that burned was the gasoline on the metal. When the fire went out, the metal remained intact. Its identity had not changed, it was not altered or destroyed in any way." Defendant argues that this was not sufficient to constitute "arson," citing State v. Morris, 98 N.J.L. 621 (Sup. Ct. 1923), affirmed 99 N.J.L. 526 (E. & A. 1924), State v. Schenk, 100 N.J. Super. 122 (App. Div. 1968), and similar cases. However, defendant was not charged with "arson," either as defined by the common law or by N.J.S. 2A:89-1. He was charged with violation of N.J.S. 2A:89-2, which is quite different from N.J.S. 2A:89-1. See State v. Pirone, 78 N.J. Super. 158, 160 (App. Div. 1963); State v. Quatro, 31 N.J. Super. 51 (App. Div. 1952). N.J.S. 2A:89-2 provides:
*174 "Any person who willfully or maliciously burns or sets fire to with intent to burn:
a. Any building, whether it be his own or that of another, not a part of a dwelling house; or
b. Any ship or other vessel, vehicle, motor vehicle or aircraft, whether it be his own or that of another, or
c. Any church, meetinghouse, or public building 
Is guilty of a high misdemeanor."
We hold that the burning required for arson under the common law or under N.J.S. 2A:89-1 is not essential to establish setting fire with intent to burn under N.J.S. 2A:89-2, and that what happened here constituted such setting fire. So, for example, if one spreads inflammables in a building, vessel, vehicle, etc., and ignites them with intent to burn, but the property fails to burn because it is fireproof, he is guilty under N.J.S. 2A:89-2 no matter how slight the resulting damage.
We find no merit in the remaining points raised by defendant.
Affirmed.