COLEMAN *v.* STATE OF INDIANA.

[No. 269S29. Filed March 20, 1970. No petition for rehearing filed.]

628

*Clarence D. Bolden, Bolden & Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Aaron T. Jahr,* Deputy Attorney General, for appellee.

HUNTER, C.J.—This is an appeal brought by appellant, Rodney Coleman, from a conviction in the Marion Criminal Court, Division One, of the crime of rape, to-wit: having carnal knowledge of a woman who is an inmate of the Indiana School for Girls. Appellant was tried by the court without the intervention of a jury and upon a finding of guilty, was sentenced to the Indiana Reformatory for not less than two (2) nor more than twenty-one (21) years. The indictment, under which the defendant was charged, omitting the caption, reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Rodney Coleman on or about the 25th day of March, A.D. 1967, at and in the County of Marion and in the State of Indiana, he being then

and there over the age of Eighteen (18) years, to-wit: of the age of Twenty-eight (28) years, did then and there unlawfully and feloniously have carnal knowledge of one Lorena Sue Sargeant, a woman, inmate of the Indiana School for Girls, and having then and there escaped from the Custody of the said Indiana School for Girls, said Lorena Sue Sargeant then and there not being the wife of said Rodney Coleman, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

/s/ Noble R. Pearcy
Prosecuting Attorney
Nineteenth Judicial Circuit."

The indictment is based on the criminal offense of rape which is found in Ind. Ann. Stat. § 10-4201 (1956 Repl.) as follows:

"Rape — Penalty. — Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; or whoever being over eighteen [18] years of age, has carnal knowledge of a woman, other than his wife, who is insane, epileptic, idiotic, or feeble-minded, he knowing of such condition; or whoever, being over eighteen [18] years of age, *has carnal knowledge of a woman who is an inmate of the woman's prison or the Indiana School for Girls*, is guilty of rape, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years: Provided, That in cases where the female upon whom the crime is committed is a child under the age of twelve [12] years, the punishment shall be imprisonment for life. [Acts 1941, ch. 148, § 3, p. 447.]" (our emphasis)

Appellant is appealing the overruling by the trial court of his motion for a new trial, which appeal raises a single question of law. That question is as follows: Was Lorena Sue Sargeant an *inmate* of the Indiana Girls School at the time the carnal knowledge occurred, when, as stipulated by both parties, the victim had escaped or had otherwise left the Girls School without authorization and was in downtown Indianapolis at the time of alleged offense? Appellant properly raised the question by filing a motion to quash the indictment before the trial began, and again by making a motion to dis-

charge after the appellee, State of Indiana, had rested its case. Both of these motions were overruled by the trial court.

Essentially appellant argues that for the purposes of the rape statute, § 10-4201, *supra,* an inmate is a person who is then confined or otherwise under the regulation of an institution subject to punishment by its authorities. It is the *physical* rather than the *administrative* status, according to appellant, which creates the danger which the Indiana General Assembly sought to abate. The position taken by appellant is that the inmates of the Girls School are particularly at the mercy of the institution's personnel and such other individuals with whom they are likely to come into contact with by virtue of their inmate status. The evil involved derives from the fact that it would be quite easy for any one of them, by threat of punishment or other feigned exercise of authority to induce such inmates to submit to their advances. Appellant argues that in the case at bar, the alleged victim was neither confined, actually or constructively, nor under the regulatory authority of the Girls School, and to characterize her as an inmate under the circumstances of this case, would be a harsh misapplication of the statute.

The interpretation of the word "inmate" for the purposes of § 10-4201, *supra,* is, from the standpoint of the appellant, no mere technicality. An examination of the language of the statute reveals that the state's task in securing a conviction of appellant for rape is much less burdensome under the "inmate provision" than it is under the "general provision" therein. Under the "inmate provision" the only elements which the state must prove are:

(1) The defendant had carnal knowledge of
(2) an inmate of the Indiana School for Girls.

Such carnal knowledge need not occur forcibly against her will, nor need the perpetrator of the act have knowledge that the victim is an inmate.

Under the "general provision" of the statute which reads "Whoever has carnal knowledge of a woman forcibly against her will . . ." § 10-4201, *supra,* the state must assume the often difficult task, in addition to proving the carnal knowledge, of proving that the act took place forcibly against the will of the victim. *Thomas et al.* v. *State* (1949), 227 Ind. 42, 83 N. E. 2d 788; *Kelley* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547; *Ritter* v. *State* (1946), 224 Ind. 426, 67 N. E. 2d 530; *Shepard* v. *State* (1946), 224 Ind. 356, 67 N. E. 2d 524. This is frequently an insurmountable obstacle to conviction, especially where the alleged victim is of ill-repute or otherwise engaged in professional sexual activities. The desirability of indicting the appellant under the "inmate provision" of the rape statute from the standpoint of the prosecutor is therefore apparent.

Turning to the question of what is an "inmate" under § 10-4201, *supra,* this court in its determination must be guided by the well-settled rule of judicial construction that criminal statutes must be strictly construed against the state and in favor of the accused. *Zwick* v. *State* (1968), 250 Ind. 302, 236 N. E. 2d 26; *State* v. *Gilbert* (1966), 247 Ind. 544, 219 N. E. 2d 892; *Murray* v. *State* (1957), 236 Ind. 688, 143 N. E. 2d 290. Furthermore it is imperative that our interpretation of the word "inmate" relate solely to its use in the rape statute, § 10-4201, *supra.* For example, the word "inmate" for the purposes of the Prisons and Reformatories Act, §§ 13-101 *et seq.* (1969 Supp.), is specifically defined by the General Assembly at § 13-116a, *supra,* and will be unaffected by the holding in the case at bar.

In the absence of prior case law precisely on point, either in Indiana or in any other jurisdiction in the U. S., this court must interpret the meaning of the word "inmate" so as to give a reasonable and logical effect to the statute and to aid in carrying out its proper purpose. The General Assembly recognized the status of women inmates at the

women's prison or the Indiana School for Girls to be a peculiarly helpless one. Realizing that women in such institutions are easier prey than is ordinarily the case, the legislature sought to protect female inmates from those who would seek to benefit sexually from the unfortunate status of prison incarceration. The statute clearly contemplates protection from prison personnel, that is, those in direct supervision or daily contact with these inmates, regardless of their capacity; the statute clearly contemplates cases wherein the sexual act takes place within the four walls of the institution or on the grounds adjacent thereto; and we believe that the statute contemplates situations in which the inmate is absent from the institution but in the actual custody of its authorities. We do not believe, however, that the statute contemplates the situation now before us nor that Lorena Sue Sargeant is an "inmate" for the purpose herein described.

Lorena had escaped from the Girls School and was picked up by appellant while walking aimlessly through downtown Indianapolis. She was not in the custody of the authorities of the School when the sexual encounters took place, although insofar as her *administrative* status at the School was concerned she was still an inmate. Although appellant conceivably could have forced the victim to perform sexual acts under threat of "turning her in," we believe this situation to be no different than any other in which coercion involves the making of threats to report some conduct of the victim.

Such instances are punishable under our rape statute § 10-4201, *supra,* but any proceedings brought against the perpetrator should be brought pursuant to the general provision of the statute and not under the "inmate" provision.

To construe the word inmate more broadly than is necessary would lead to absurd results which can hardly be presumed to have been intended by the legislature. For example, were the appellant in this case a boyfriend of the victim, and she had escaped from the institution for the purpose of marrying him,

consummation of the marriage to such inmate would constitute the crime of rape under § 10-4201, *supra*. Similarly an escapee who induces or otherwise consents to sexual intercourse with a male months after the escape or at a location in no way connected with the institution, renders that individual criminally liable as a rapist under this statute, § 10-4201, *supra*. The unreasonableness of such a construction is self-evident.

We believe that a correct and logical interpretation of the word "inmate" in light of the purposes of the rape statute § 10-4201, *supra,* here involved is as follows: a woman is an inmate of the women's prison or Indiana School for Girls who (1) is actually present at the institution; or (2) is in the custody of the institution's authorities or such other persons as are authorized by the institution. An escapee is not, in our view, an inmate for the purpose of this section.

If the victim, as was the case here, alleges that appellant raped her, then it is judicially imperative that the suspect be charged pursuant to the correct provision of the rape statute. Unless the victim is an "inmate" as described above, conviction for carnal knowledge with that victim will not lie under the rape statute if the charge is brought under the "inmate" provision therein. A careful examination of the facts in this case, tested against the above-stated principles, leads us to the conclusion that the appellant's motion to quash the indictment under which he was charged should have been granted and if appropriate, a new indictment returned. The indictment of appellant under the "inmate" provision of § 10-4201, *supra,* was inappropriate and improper, and therefore the judgment of the Marion Criminal Court, Division One, should be reversed.

Judgment reversed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 256 N. E. 2d 389.