LOUIS LYNCH *v.* STATE OF INDIANA

[No. 2-376A105. Filed December 13, 1977. Rehearing denied February 2, 1978]

*Timothy J. Burns*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *James N. Shumacker*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Louis Lynch appeals his conviction of First Degree Arson,[1] claiming that the trial court erred in instructing as to "reasonable doubt" and that the evidence was insufficient to support a burning.

We affirm.

## FACTS

The evidence most favorable to the State reveals that in the early morning hours of June 18, 1975, a man identified as Lynch was seen throwing a burning object at the residence of Mr. and Mrs. Estel Barnett (Barnett). Immediately after the object struck the house flames engulfed the side of the residence. The flames lasted for several minutes and then died out. The fire department was not called.

---

1. IND. CODE § 35-16-1-1.

The Barnetts, who were awakened by a passing neighbor, investigated and discovered a bottle containing flammable liquid with a cotton or cloth wick protruding from the opening. A "burn trail" extended from the lawn approximately ten feet to the house. Damage to the building's aluminum siding consisted of blistering and discoloration of the paint. The amount of the damage was Ninety-one 29/100 ($91.29) Dollars. No other part of the house was damaged.

Lynch was subsequently charged by information with the crime of First Degree Arson.[2] At trial, Lynch objected to the court's Instruction 3P regarding "reasonable doubt". The objection was overruled and this instruction was given (in pertinent part):

> A reasonable doubt is not a fanciful doubt. It is a doubt which arises from the evidence, the lack of evidence, or conflict in the evidence.
>
> It is a doubt which would disturb the conscience of a resolute and decent person who is sincerely devoted to justice for everyone, without regard to his or her status in life or society.

Lynch objected to the instruction because of its omission of a statement that "a juror must be convinced in those matters of highest importance to him where he has the option to act or not act".

The matter went to the jury and Lynch was convicted. This appeal followed.

## ISSUES

Two issues are presented for our disposition:

(1)  Did the trial court err in overruling Lynch's objection to Court's Instruction 3P?

(2)  Is the phrase "sets fire to" synonymous with "burn", so that an actual consumption of a residence by fire is required before the "burning" element of the statute is satisfied?

---

2.  *Supra*, n.1.

PARTIES' CONTENTIONS—Lynch contends that the trial court's overruling of his objection to the court's instruction was reversible error as the instruction given by the court did not contain all the elements of the law of reasonable doubt, particularly as to the degree of certainty required. Lynch further àrgues that the verdict is not sustained by sufficient evidence of a "burning" of the house as no part of the house was actually consumed by fire.

The State responds that there was no error in refusing Lynch's tendered instruction and overruling his objection to the court's instruction; if error there was, such error was harmless. The State further argues that the evidence was sufficient to sustain the "burning" element of the crime as there was ample evidence of damage to the Barnett residence.

## DECISION

ISSUE ONE

CONCLUSION—The trial court did not err in overruling Lynch's objection to the court's instruction on reasonable doubt and in refusing Lynch's tendered instruction.

The trial court's Instruction 3P, dealing with reasonable doubt, was given to the jury, in part, as follows:

A reasonable doubt is not a fanciful doubt. It is a doubt which arises from the evidence, the lack of evidence or conflict in the evidence.

It is a doubt which would disturb the conscience of a resolute and decent person who is sincerely devoted to justice for everyone, without regard to his or her status in life or society.

Our Supreme Court in *Brown v. State*,[3] recently considered and approved an identical instruction, holding that the statement that reasonable doubt is a doubt "which would disturb the conscience of a resolute and decent person who is sincerely devoted to justice for everyone, without regard to his or her status in life or society", was adequate. *See also Lash v. State* (1977), 174 Ind. App. 217, 367 N.E.2d 10; *Randolph v. State* (1977), 266 Ind. 179, 361 N.E.2d 900, 902.

---

3.   (1977), 266 Ind. 82, 360 N.E.2d 830.

## ISSUE TWO

CONCLUSION—The phrase "sets fire to" in the First Degree Arson statute means something less than an actual burning and therefore is not synonymous with the word "burn".

The gist of Lynch's position is that he is not guilty of arson because "sets fire to" and "burns" as used in the First Degree Arson statute are synonymous, and no "burning" took place, i.e., the house was not consumed.

The statute, IND. CODE § 35-16-1-1 [10-301], provides:

> Arson in the First Degree.—Any person who willfully and maliciously *sets fire to or burns*, or causes the setting of fire to or the burning or who aids, counsels or procures the setting of fire to or the burning of any dwelling house, rooming house, apartment house or hotel, finished or unfinished, occupied or unoccupied; or any kitchen, shop, barn, stable, garage or other outhouse, or other building that is part or parcel of any dwelling house, rooming house, apartment house or hotel, or belonging to or adjoining thereto, finished or unfinished, occupied or unoccupied, such being the property of another; or being unsured against loss or damage by fire and such setting of fire to or burning, or such causing, aiding, counselling or procuring such setting of fire to or such burning, being with intent to prejudice or fraud the insuror; or such setting of fire to or burning or such causing, aiding, counselling or procuring such setting of fire to or such burning being with intent to defeat, prejudice or fraud the present or prospective property rights of his or her spouse, or co-owner, shall be guilty of arson in the first degree, and, upon conviction thereof, shall be imprisoned in the State Prison not less than five [5] years nor more than twenty [20] years, to which may be added a fine not to exceed two thousand dollars [2,000]. (Emphasis added)

Observe that the drafter used the disjunctive word "or" in separating the phrase "sets fire to" from the word "burns."

In the science of semantics, "or" is defined by Webster in its primary sense as a "function word to indicate . . . an alternate between different or unlike things . . .". *Also see* 82 C.J.S. *Statutes*, § 335, at 673; *Sekerez v. Youngstown Sheet and Tube Co.* (1975),

166 Ind. App. 563, 337 N.E.2d 521, 524. Sutherland puts it this way:

> "When "or" is used, it is presumed to be in the disjunctive sense" unless contrary legislative intent is clearly shown. *Sutherland* STAT. CONSTRUCTION § 21.14. *Heckathorn v. Heckathorn* (1938), 284 Mich. 677, 280 N.W. 79.

If we construe "or" in its "plain and ordinary and usual sense" as we are bound to do, IND. CODE § 1-1-4-1; *State v. Bress* (1976), 169 Ind. App. 397, 349 N.E.2d 229; *Jenkins v. Stotts* (1976), 169 Ind. App. 273, 348 N.E.2d 57, it separates two different things. "Sets fire to" and "burns" are not synonymous in this context. Thus the legislative intent is trumpeted in the first lines of the statute as heralding the assertion of different concepts strung out by a series of "ors" describing alternative (different) acts ("causes", "who aids", etc.).

Our search discloses no Indiana cases defining the two terms. Other jurisdictions have reached differing conclusions.

Traditionally the common law rigidly required an actual burning. The fire must be actually communicated to the object to such an extent as to have taken effect upon it. *State v. Schwartz* (Del., 1932), 166 A. 666; *Crow v. State* (1916), 136 Tenn. 333, 189 S.W. 687; *Graham v. State* (1867), 40 Ala. 659.

Other jurisdictions have recognized the distinction between "sets fire to" and "burns" as two different concepts. To "set fire to" a structure is to "place fire upon", or "against" or to "put fire in connection with" it. It is possible to set fire to a structure which, by reason of the sudden extinction of the fire, will fail to change the characteristics of the structure. Nevertheless, it has been "set fire to". *State v. Dennin* (1859), 32 Vt. 158; *State v. Hall & Savage* (1885), 93 N.C. 571; *Borza v. State* (1975), 25 Md.App. 391, 335 A.2d 142.

In *Borza v. State, supra,* the distinction was emphasized. Quoting from a Virginia case, *Howel v. Commonwealth*, 5 Graton 664, this language was used:

> We are not satisfied that *setting fire to* and *burning* have been established by any legal authority to be synonyms ... and

"that it was not necessary the stack should be burned, the words of the act being 'set fire to'. This authority seems clearly to decide that setting fire to and burning are not legal synonyms. If they were there would be no reason for that redundancy of language . . ."

Unlike Lynch, then, we cannot conclude that he is not guilty of first degree arson because there was no burning of the house. He set fire to the house by causing a flammable substance to burn thereon causing a scorching or blistering of the paint which was an integral part of the structure. The composition of the structure was changed. No more was necessary.

Thus the modern construction of statutory terms we are interpreting is that they are not synonymous, each having a separate, independent meaning, thereby eliminating any ambiguity.

The judgment is affirmed.

Staton, P.J. (by designation) concurs;

White, J. dissents with opinion.

## DISSENTING

WHITE, J.— Whether or not an unsuccessful attempt such as Lynch made to burn a dwelling house constitutes first degree arson will soon be a matter of no more than historical interest in Indiana. As to incidents occurring on and after October 1, 1977, "a person who, by means of fire . . . knowingly or intentionally damages: (1) a dwelling house of another person without his consent; . . . commits arson, a Class B felony . . . ." Ind. Ann. Stat. § 35-43-1-1 (Burns 1977 Supp.). But for Lynch and those few persons who, like him, before October 1, 1977, may have splashed a burning liquid onto a dwelling house's fire-resistant siding with the result that the liquid burned without burning any part of the house, the answer to the question may mean the difference between an indeterminate sentence of five to twenty years (for first degree arson § 35-16-1-1) or a sentence of six to twelve months (for attempted arson § 35-16-1-6).

The first degree arson statute under which Lynch was charged and convicted is Ind. Ann. Stat. § 35-16-1-1 (Burns Code Ed., 1975),

which provides in pertinent part:

> "Any person who wilfully and maliciously sets fire to or burns or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any dwelling house, . . . ."

Many jurisdictions hold that the statutory language "sets fire to or burns" is merely repetitive of the common law and thus requires an actual burning[1], i.e.

> "that the fire was actually communicated to the building itself to such an extent as to have taken effect on, and in some degree destroyed some portion of the fibrous part of the wood and lumber composing a part of it.

> "And this is true whether the material in question was actually in a blaze or merely charred, though a mere scorching, without any actual ignition of a portion of the building, would not be sufficient." State v. Schwartz (Del., 1932), 5 Harr. 418, 424, 166 A. 666, 668-669.

Other jurisdictions hold that the statutory language "sets fire to or burns" defines two different offenses, one being an actual burning and the other being a lesser act, such as to "put fire to" or to "place fire upon" or "against" or to "put fire in connection with."[2] State v. Dennin (1859), 32 Vt. 158, 164. An example of this approach is found in State v. Hall and Savage (1885), 93 N.C. 571, wherein the court held defective an indictment that charged that the defendants "set fire to" but the statute used the term "burn", stating:

> "[I]t is certainly possible to set fire to some articles, which, by reason of the sudden extinction of the fire, may fail to change by charring even the material to which it has been applied, so that the defendant may have done the act imputed, and yet not *burned* it within the meaning of the act, and if so, no judgment can be rendered against him." (93 N.C. at 574.)

---

1. *Graham v. State* (1867), 40 Ala. 659, 664-670; *People v. Myers* (1862), 20 Cal. 76, 78-79; *State v. Taylor* (1858), 45 Me. 322, 329; *State v. Jones* (1891), 106 Mo. 302, 311, 17 S.W. 366, 369; *Crow v. State* (1916), 136 Tenn. 333, 340, 189 S.W. 687, 689; *State v. Dennin* (1859), 32 Vt. 158, 162-163.

2. *Mary v. State* (1862), 24 Ark. 44, 47; *Cochrane v. State* (1854) 6 Md. 400, 401-402; *Borza v. State* (1975), 25 Md. App. 391, 396-398, 335 A. 2d 142; *State v. Hall and Savage* (1885), 93 N.C. 571, 572-574; *Howel v. The Commonwealth* (1848), 46 Va. (5 Gratt.) 664, 670-671.

In still other jurisdictions the question is avoided by use of the phrase "set fire to with intent to burn". Such statutes clearly indicate that something less than a burning is required.[3]

In view of the conflicting results reached in other jurisdictions it is obvious that the phrase "sets fire to" is ambiguous. The rule for construing a criminal statute containing such an ambiguity is that stated in *Utley v. State* (1972), 258 Ind. 443, 281 N.E.2d 888, which concerned the scope of a statute making it a crime to escape "from the custody of the officer lawfully in charge", etc.:

> "Since the word 'custody' by itself is ambiguous we must construct [sic] § 10-1809, *supra*, to determine what the Legislature intended by using that word. In making this determination this Court must be guided by the well-settled rule of judicial construction that criminal statutes must be strictly construed against the State and in favor of the accused. *Coleman v. State* (1970), 253 Ind. 627, 256 N.E.2d 389. In practical effect this rule means that this Court, when faced with statutory language having two fairly well-settled meanings, will deem the Legislature to have intended the meaning which gives the narrowest range of applicability to the statute." (258 Ind. at 446.)

Thus "sets fire to", as used in the first degree arson statute (§ 35-16-1-1) in effect when Lynch threw the flaming liquid, should be construed as being synonymous with "burns", this being "the meaning which gives the statute the narrowest range of applicability."

Also, that interpretation of § 35-16-1-1 is the same interpretation expressly given it in the majority opinion in *Crump v. State* (1972), 259 Ind. 358, 287 N.E.2d 342, and inferentially in the *Crump* dissent. There the question was whether attempted arson (§ 35-16-1-6) is a lesser included offense of first degree arson as defined by the said § 35-16-1-1. In that case there appears to have been no question but that Crump succeeded in setting his ex-wife's apartment on fire. Nevertheless the trial judge found him guilty of attempted arson as defined in Ind. Code § 35-16-1-6. In refuting Crump's argument that the attempt statute "is too

---

3. *State v. Heard* (1969), 105 N.J. Super. 172, 174, 251 A.2d 464, 465; *State v. Dennin* (1859), 32 Vt. 158, 165; Accord, *Graham v. State* (1867), 40 Ala. 659, 665.

general and does not adequately define the conduct intended to be prohibited" (259 Ind. at 362), the court said: "It is clear that the conduct intended to be prohibited in an arson statute is a wilful and malicious burning. . . ." (Ibid.) The court then said:

"Appellant's final argument is that the crime of Attempted Arson is not a lesser included offense of the crime of First Degree Arson. This contention is based on the fact that arson embraces an *effective act* from which fire results, while the crime of attempted arson necessarily embraces an *ineffective act* from which no fire results. If proof of an ineffective act is necessary to establish the 'attempt', it would follow that Attempted Arson is not an included offense of First Degree Arson because the former crime embraces an element not found in the latter." (Original emphasis.) (259 Ind. at 363.)

The majority (four justices) of the *Crump* court obviously entertained no doubt that a *successful* attempt to burn was essential to a conviction for first degree arson under the statute here involved, § 35-16-1-1. This was made certain on the next page (259 Ind. at 364), when the court said:

"The evidence introduced at trial was sufficient to establish every element of the crime of First Degree Arson. The Attempted Arson statute embraces the same elements as are found in the First Degree Arson statute *except for the element of actual burning*." (My emphasis.)

Inasmuch as the evidence at bar is insufficient only upon the element of burning, without which the evidence is nevertheless sufficient for the included offense of attempted arson, I would remand this cause and instruct the trial court to vacate the judgment and sentence as to first degree arson and enter judgment and sentence upon the necessarily included verdict of guilty of attempted arson.

NOTE—Reported at 370 N.E.2d 401.