170 N.J. Super. 485 (1979)
406 A.2d 1334
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN HENRY HILL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1979.
Decided October 15, 1979.
*487 Before Judges SEIDMAN, MICHELS and DEVINE.
Mr. L. Gilbert Farr, Assistant Prosecutor, argued the cause for appellant (Mr. David Linett, Prosecutor of Somerset County, attorney; Ms. Maria DeFilippis, Assistant Prosecutor, on the brief).
Mr. Steven B. Lieberman argued the cause for respondent (Messrs. Bowers, Rinehart, Murphy & O'Brien, attorneys).
Ms. Mary Anne Pidgeon, Deputy Attorney General, argued the cause for amicus curiae State of New Jersey (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Ms. Susan W. Sciacca, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by DEVINE, J.A.D.
Leave having been granted, this interlocutory appeal was brought by the State to review the trial court's determination that N.J.S.A. 2A:138-2 is unconstitutional.
Defendant, then a resident at the New Jersey Neuropsychiatric Institute in Skillman, was charged under the fourth and *488 fifth counts of a five-count indictment with carnal knowledge of two female residents of that institution, in violation of N.J.S.A. 2A:138-2, which provides:
Any person who has carnal knowledge of a female inmate of any home or institution for feeble-minded or mentally ill females, or of any home or training school for the feeble-minded, with or without her consent, is guilty of a misdemeanor.
The trial judge held that while the statute did not deny equal protection of the law on the basis of gender since the distinction is "substantially related to important governmental interests," it violated the Due Process Clause of the Fourteenth Amendment because it employs a permanent and irrebuttable presumption of inability to consent on the part of such person that "is neither necessarily nor universally true," and dismissed the fourth and fifth counts. State v. Hill, 166 N.J. Super. 224, 234-235 (Law Div. 1978).
We agree with the conclusion of the trial judge as to the equal protection issue. Statutory classifications that distinguish between males and females are "subject to scrutiny" but deemed to be constitutional if they serve important governmental objectives and are substantially related to the achievement of those objectives. Craig v. Boren, 429 U.S. 190, 198, 97 S.Ct. 451, 457, 50 L.Ed.2d 397, 407 (1976).
The interest of the State in protecting institutionalized feeble-minded or mentally ill females is an important governmental objective, and the prohibition of sexual intercourse with such persons, who may not fully comprehend the significance or consequences of such conduct, is substantially related to the achievement of that protection.
Thus, substantially similar statutes have been upheld in other jurisdictions. For example, in Coleman v. State, 253 Ind. 627, 256 N.E.2d 389 (Sup.Ct. 1970), a statute was involved which provided that "whoever, being over 18 years of age, has carnal knowledge of a woman who is an inmate of a woman's prison or the Indiana School for Girls, is guilty of rape." The court held *489 that the state need prove only carnal knowledge by defendant of a female inmate of a state school for girls. In reaching this conclusion the court reasoned as follows:
... The General Assembly recognized the status of women inmates at the woman's prison of the Indiana School for Girls to be a peculiarly helpless one. Realizing that women in such institutions are easier prey than is ordinarily the case, the legislature sought to protect female inmates from those who would seek to benefit sexually from the unfortunate status of prison incarceration. The statute clearly contemplates protection from prison personnel, that is, those in direct supervision or daily contact with these inmates, regardless of their capacity; the statute clearly contemplates cases wherein the sexual act takes place within the four walls of the institution or on the grounds adjacent thereto; and we believe that the statute contemplates situations in which the inmate is absent from the institution but in the actual custody of its authorities. [at 391]
Similarly, in People v. McKellar, 81 Cal. App.3d 367, 146 Cal. Rptr. 327 (D.Ct.App. 1978), the court was confronted with a challenge to the constitutionality of a section of the penal code which prohibited sexual intercourse with a female under the age of 18 years. Although the statute had been held constitutionally valid in an earlier case, People v. Mackey, 46 Cal. App.3d 755, 120 Cal. Rptr. 157 (D.Ct.App. 1975), appellant urged a re-examination using the constitutional test of strict judicial scrutiny rather than the rational basis test applied in the earlier case. Among other things, defendant pleaded that the statute "creates an unreasonable conclusive presumption as to the absence of consent."
The court, in the course of an extensive review, gave full cognizance to all the defenses interposed by defendant and concluded that the section in question "represents a proper exercise of the Legislature's police power and the classification is reasonable and bears a genuine and substantial relationship to the object of the legislation." Id. at 331.
In concluding that N.J.S.A. 2A:138-2 employs a permanent and irrebuttable presumption the trial judge here relied on Cleveland Bd. of Ed. v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 *490 L.Ed.2d 52 (1974); Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), and Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), all of which involved noncriminal statutes and are inapposite.
More importantly, this statute does not contain any presumption, rebuttable or irrebuttable. Presumption does not play any part in the violation of the statute. The Legislature has the power and the right to designate the mere doing of an act as a crime, even in the absence of the mens rea. Morss v. Forbes, 24 N.J. 341, 358 (1957); State v. Moore, 105 N.J. Super. 567, 571 (App.Div. 1969), certif. den. 54 N.J. 502 (1969). In Moore the court upheld the New Jersey statutory rape statute, holding the mere doing of the prohibited act constitutes a crime. See also, State v. Labato, 7 N.J. 137 (1951); State v. Tillem, 127 N.J. Super. 421, 426 (App.Div. 1974), certif. den. 66 N.J. 335 (1974), cert. den. 419 U.S. 900, 95 S.Ct. 183, 42 L.Ed.2d 146 (1975); State v. Hanly, 127 N.J. Super. 436, 444 (App.Div. 1974), certif. den. 65 N.J. 578 (1974); Application of Faas, 42 N.J. Super. 31, 37 (App.Div. 1956), cert. den. 353 U.S. 940, 77 S.Ct. 820, 1 L.Ed.2d 762 (1957).
The statute constitutes a proper exercise of legislative police power and is constitutional. Accordingly, the dismissal is reversed and counts four and five of the indictment are reinstated.