COUNTY DEPARTMENT OF PUBLIC WELFARE OF WAYNE COUNTY ET AL. *v.* SCOTT'S ESTATE

[No. 17,220. Filed June 15, 1944.]

*James A. Emmert,* Attorney General, and *Ralph E. Allen* and *James P. Wason,* Deputy Attorneys General, for appellant.

*Orlando F. Ingle* and *Roy E. Stanley,* both of Richmond, for appellees.

DRAPER, P. J.—One Mary Jane Scott received an old age pension in the sum of Five Dollars per month under the provisions of chapter 36 of the Acts of the Indiana General Assembly of 1933, being § 52-301, et seq., Burns' 1933, from the first day of February, 1934, until the first day of February, 1936.  She died April 2, 1942, and the appellants filed this claim against her estate to recover the amounts so paid with interest. The claim was disallowed, transferred to the issue docket and there

twice amended. The appellee demurred to the second amended claim for the reasons (1) that the claim did not state facts sufficient to constitute a cause of action, and (2) that the plaintiffs have no legal capacity to sue. The demurrer was sustained, and upon appellants' refusal to plead over, judgment was rendered against them, and they here assign only the alleged error of the court in sustaining the demurrer. To support its demurrer the appellee asserts that any claim appellants may have acquired against the estate by virtue of the Act above referred to, was destroyed by subsequent legislation.

The Act took effect January 1, 1934, provided for the payment of old age pensions, and further provided in § 7 thereof (§ 52-307, Burns' 1933) for the allowance and deduction of the amounts so paid from the estate of the pensioner after her death.

That legislation continued in force until it was specifically repealed by chapter 3 of the Acts of 1936 (see note to § 52-1416 Burns', 1933 [Supp.]), which took effect March 18, 1936, authorized assistance payments for aged and blind persons and needy children, and provided methods for the recovery of payments so made, and in § 119 thereof, being § 52-1407, Burns' 1933 (Supp.), provided that "no right, . . . conferred, . . . by or under any law or laws hereby repealed shall be impaired or abrogated by reason of such repeal . . . ." The liability of the estate of the pensioner as fixed by the 1933 Act therefore continued without the aid of § 1-307, Burns' 1933, which is a general saving clause.

Pursuant to an opinion of the Attorney General of the State of Indiana rendered on the 28th day of

October, 1936 (Opinions of Attorney General of Indiana, 1936, p. 395), to the effect that the County Departments of Public Welfare should collect the amounts paid as old age pensions after the passage of the 1936 Act, they have since continued to do so, and the amounts so collected have been equally divided between them and the State Department of Public Welfare. The opinion of the Attorney General is not controlling, yet the practical construction given to legislation by the public officers of the state and acted upon by those interested and by the people is influencial, *Zoercher* v. *Indiana Associated Telephone Corp.* (1937), 211 Ind. 447, 7 N. E. (2d) 282, particularly where the legislature, by inaction continuing through several sessions, has indicated satisfaction with that construction. *Hindman, et al.* v. *State* (1943), 221 Ind. 611, 50 N. E. (2d) 913; 50 Am. Jur. Statutes, § 326, p. 318. We feel in fact that the opinion of the Attorney General was right in the respect under consideration and that the County Departments did have the right and were charged with the duty of making the collections after the passage of the 1936 Act.

The liability imposed upon the estates of deceased pensioners has therefore continued since January 1, 1934, unless it was destroyed by ch. 201 of the Acts of 1941, which amends § 38 and repeals §§ 44 to 48, both inclusive, of chapter 3 of the Acts of 1936. None of the sections amended or repealed include that by which the liability of the estate of deceased pensioners was kept alive, and we can find nothing in the 1941 Act which concerns or affects the old age pension law either expressly or by necessary implication. On the contrary only the provisions affecting the recovery of assistance payments author-

ized by the 1936 Act were stricken out, and so the liability of the appellee under the 1933 Act continues.

We have considered the case of *County Dept. of Pub. Welfare* v. *Potthoff* (1942), 220 Ind. 574, 44 N. E. (2d) 494, upon which the appellee also relies, and find nothing therein which enjoins a conclusion different from that herein reached.

Judgment reversed and cause remanded with instructions to overrule demurrer and for further proceedings.

NOTE.—Reported in 55 N. E. (2d) 337.