COUNTY DEPARTMENT OF PUBLIC WELFARE OF LAKE COUNTY ET AL. *v.* NICHOLS' ESTATE.

[No. 28,083. Filed July 19, 1945.]

468

*James A. Emmert*, Attorney General, *Oscar C. Crawford*, Deputy Attorney General, and *James P. Wason*, Department of Welfare, of Indianapolis (*George L. Diven*, of Indianapolis, and *Howard A. Englander*, of Gary, of counsel), for appellants.

*Roberts & Roberts*, of Lowell, and *George E. Hershman* and *Oliver Hershman*, both of Crown Point, for appellee.

YOUNG, J.—Between December, 1934, and March, 1936, 16 monthly payments of $15.00 each were made to Andrew Nichols for old age pension pursuant to ch. 36 of the Acts of the Indiana General Assem-

bly of 1933 (§ 52-301, *et seq.* Burns' 1933). On April 28, 1942, Nichols died and the County Department of Public Welfare of Lake County, Indiana, filed its claim against his estate for the amount of said pension payments with interest. The claim was disallowed by the administrator and docketed for trial. An amended claim was filed to which a demurrer was directed and sustained and the claimant refused to plead further. Whereupon there was judgment for the estate and it was ordered that plaintiff take nothing by its action.

The only error assigned in this court is the sustaining of the demurrer to the amended claim.

The statutory memorandum attached to this demurrer sets out two propositions, which are in effect as follows: (1) that ch. 201 of the Acts of 1941 of the Indiana General Assembly abrogated all rights to recover pensions from recipients or their estates which were paid under the Act of 1933 and repealed the remedy and procedure for the recovery thereof, and (2) that § 119 of ch. 3 of the Acts of 1936 (Spec. Sess.) § 52-1407, Burns' 1933 (Supp.), purporting to save the rights of recovery from recipients or their estates of pension payments made under the 1933 act, granted unequal privileges and violated Art. 1, § 23, of the Constitution of Indiana, "in that old age pensioners and their estates receiving old age assistance prior to the effective date of the act of 1941 would be obliged to repay said assistance to the State and County Departments of Public Welfare of the State, while recipients and their estates receiving old age assistance after the effective date of the act of 1941 are not required or obligated to repay said assistance. . . ."

Chapter 36 of the Acts of 1933 provided for old age pensions and by § 7 thereof (Burns', § 52-307, Ind. Stats. 1933), specifically provided for the recovery of

pension payments made thereunder from the estates of pensioners.

Chapter 3 of the Acts of 1936 (§ 52-1201, *et seq.* Burns' 1933 [Supp.]) set up a new old age assistance plan and by § 129 thereof specifically repealed the old age pension act of 1933, above referred to. However, § 119 of the 1936 act (§ 52-1407, Burns' 1933 [Supp.]), provided that "no right . . . conferred . . . by or under any law or laws hereby repealed shall be impaired or abrogated by reason of such repeal . . . and thereby saved the right of recovery of pension payments given by § 7 of the 1933 act. This conforms to the general public policy of the state that " . . . the repeal of any statute shall not have the effect to release or extinguish any . . . liability incurred under such statute, unless the repealing act shall so expressly provide; . . ." § 1307, Burns' 1933.

The 1936 act, by §§ 44, 45, 46, 47 and 48, also specifically provided for the recovery from the recipients thereof or their estates of old age assistance payments made under the 1936 act and by § 38 established a lien upon the real property of the recipient to secure the payments made.

In 1941, the legislature took out of § 38 of the 1936 act the provision for liens and repealed in toto §§ 44 to 48 of the 1936 act. It left untouched § 119 of the 1936 act.

It will be observed that the 1941 legislature did not provide that there should be no further recovery of old age pensions or assistance. On the contrary, it merely repealed specific sections of the 1936 act providing for the recovery of payments made under the 1936 act and left untouched § 119 of the 1936 act which saved the right to recovery of payments

made under the 1933 act. The result is that the legislative provision for recovery of old age pensions paid under the 1933 act remains and payments made under the 1933 act may be recovered from the estates of the recipients, whereas payments made under the 1936 act may not be recovered, because the 1941 legislature repealed the sections of the 1936 act which permitted such recovery.

The conclusion we have reached in this case is the same conclusion reached by the Appellate Court upon very similar facts in the case of *County Department of Public Welfare of Wayne County* v. *Scott's Estate* (1944), 115 Ind. App. 28, 55 N. E. (2d) 337.

Nor is the conclusion we have reached inconsistent with *County Department of Public Welfare* v. *Potthoff* (1942), 220 Ind. 575, 44 N. E. (2d) 494, upon which appellee relies. That case does not involve old age payments paid under the 1933 act. It involves only old age payments made under the 1936 act. The question in the Potthoff case was whether after repeal of the recovery sections of the 1936 act the right remained to recover payments made under that act before such repeal. The decedent, pursuant to the provisions of § 44 of the 1936 act, had contracted to repay when he applied for assistance. It was argued in the Potthoff case that the contract was unaffected by the repealing act and that right to recover payments made prior to repeal was not nullified by repeal. The case was decided upon the hypothesis that if a contract with the recipient of old age assistance, entered into under the act of 1936, is unaffected by the act of 1941, then the liability under such contract is continuing and applies to benefits paid subsequent to repeal. It was contended that this would result in two classes of citizens receiving old age assistance *at the same time,* one of which would be burdened

to reimburse the state, while the other would be free from any such exaction. We held that such a situation would violate the clause of the Indiana State Constitution, which prohibits the General Assembly from granting to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all.

But a different situation is presented in the case before us. By holding that there may be recovery of old age pensions paid under the 1933 act before its repeal, we do not create a situation where there may be two classes of citizens receiving old age assistance *at the same time* who are not treated exactly alike. All who received pensions under the 1933 act before repeal remain obligated to pay back the amounts received under that act. If they were eligible for assistance under the 1936 act they would continue to receive such assistance upon exactly the same terms that all others received it under this act, i. e., without obligation to repay. All receiving assistance at the same time will be treated exactly alike.

The Potthoff case is not authority for holding that old age pension payments under the 1933 act may not be recovered under the proper circumstances. *County Department of Public Welfare* v. *Scott's Estate* (1944), 115 Ind. App. 28, 55 N. E. (2d) 337, 339.

Appellee contends that if § 119 of the Acts of 1936, which saves the right of recovery of pension payments paid under the 1933 act, permits recovery of old age pension payments made under the 1933 act when old age assistance paid under the 1936 act is not subject to that requirement, then § 119 violates the equality clause of the State Constitution. We cannot follow appellee's reasoning in this regard. When the act of 1936 was passed it saved the right of

recovery of payments made under the 1933 act and at the same time provided for recovery of payments made under the 1936 act; so initially there was equality and no possible claim of unconstitutionality upon that ground. The inequality occurred when the provisions of the 1936 act for recovery were repealed without repealing § 119. The inequality therefore was created by the repealing act of 1941 and not by the adoption of § 119 of the Act of 1936, and it would be the act creating the inequality which would be unconstitutional and void and not § 119 which became allegedly inequitable entirely by reason of the 1941 repeal act.

It was also contended by appellee that § 119 of the 1936 act was impliedly repealed in the 1941 act. It is true that statutes may be repealed by implication but this is true only when the intent of the legislature is clear and where the act passed is so repugnant to and inconsistant with another act that it must be assumed that the legislature did not intend both acts to stand. That is not the fact in the case before us. In the case before us, the legislature repealed sections of the 1936 general statute which provided for recovery of old age assistance payments made under that statute. The same 1936 general statute also carried § 119 which, in effect, permitted the recovery of old age pensions paid prior to the date of the 1936 act. It can hardly be said that the repeal of certain designated sections of an act by reference to section numbers, and not by reference to the content or subject matter of such sections, indicated a clear intent likewise to repeal another undesignated section of the same act which had to do with the same subject matter, but which related to a different period of time and to payments made under an entirely different statute and under an entirely different plan of caring for the aged, with a different distribution

and use of the recovered payments. Unless an intent of the legislature to repeal § 119 of the 1936 act is clear, it cannot be said that § 119 has been impliedly repealed. We do not think any such intent of the legislature is apparent and therefore hold that § 119 has not been repealed.

It was also contended that the equality clause of the Indiana Constitution is violated if it be held that the 1941 act results in permitting recovery of old age pensions made prior to the effective date of the 1936 act and denies recovery of old age assistance made subsequent to that date. It is not necessary to consider this question. If there be such result then it is the act of 1941 which creates the inequality and is unconstitutional and void, and § 119 of the act of 1936 continues effective. If there be not such result then the 1941 act and § 119 of the 1936 act both remain effective. In either event, so far as this point is concerned, § 119 would survive and all rights thereunder to recover payments under the 1933 act would continue.

Appellee also contends that by repeal of §§ 46 to 48 of the 1936 act, the statutory remedy for the enforcement of the repayment of old age pensions or assistance was abrogated and they claim that no common-law remedy exists whereby a state or county may recover such payments. The cases which they cite only hold that there is no common-law right to recover such payments. They do not hold that if there is a statutory right to recover then such right will fail for want of a special statutory remedy. If, under the statute, an estate is indebted to the State or a Public Welfare unit the established procedure for collection of claims against an estate is available and affords an adequate remedy.

.We think the right to recover old age pensions paid under the 1933 act was not affected by the 1941 repeal of the sections of the 1936 act which provide for recovery of old age assistance payments made pursuant to that act, and that the court erred in sustaining a demurrer to appellant's claim.

It follows that the judgment herein should be reversed with instructions to overrule the demurrer to appellant's claim, and further proceedings consistent with this opinion, and it is so ordered.

Note.—Reported in 62 N. E. (2d) 146.