## SCHNEE v. STATE OF INDIANA.

[No. 1069S220. Filed September 23, 1970. No petition for rehearing filed.]

*Lorin H. Kiely, Phillip L. Kiely,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in a jury trial in the Posey County Circuit Court for furnishing alcoholic beverages to a minor. On April 11, 1969, David Ray and Bernard Gerth, both minors, decided they wanted to obtain some alcoholic beverages. At around 9:00 p.m. the two minors drove down an alley to the rear of appellant's house, picked him up and they all drove to a liquor store.

Ray gave appellant money and he went inside the liquor store and purchased 24 bottles of beer, and a fifth of rum, which he gave to the minors along with the change. Appellant also purchased ½ pint of whiskey for himself out of the minors' money without asking them. The minors drove appellant home, let him out, and as they drove off the police stopped them. The police had been watching appellant's house before the minors appeared there and had followed them to the liquor store and back. The police testified that they did not know that these minors would go to appellant's house that night and the minors testified that they did not know the police were watching appellant's house that night.

Appellant's first allegation of error is that the trial court erred in permitting in evidence testimony by the two minors that appellant had furnished them alcoholic beverages on prior occasions. Appellant argues that evidence of prior, separate offenses by appellant was not admissible because not relevant to the crime charged.

It is true that, in general, evidence of prior offenses by a defendant is inadmissible if it is irrelevant or its sole relevance is to show that the defendant's general character is bad and that he therefore has a tendency to commit crimes. *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570; McCormack, Evidence, § 157; 2 Wigmore, Evidence, § 305 (3rd ed. 1940). However, if the evidence of prior offenses is relevant to some issue in the case e.g. intent, motive, knowledge, plan, identity, etc., then it is admissible. *Burns* v. *State, supra; Meeks* v. *State, supra; Watts* v. *State, supra;* McCormack, *supra;* Wigmore, *supra.* Since appellant did not take the stand nor offer a defense of any kind the issues were formed by the charge in the affidavit and the appellant's plea of not guilty. The two issues at trial then were: (1) Did appellant intentionally furnish alcoholic beverages to the two minors?; (2) Did appellant do this knowing they were under 21 years

of age? The question on appeal then is whether evidence that appellant furnished alcoholic bevarages to these same two witnesses on prior occasions were relevant to prove one of those issues.

The testimony of these two witnesses was to the effect that appellant had furnished alcoholic beverages to these two minors on numerous prior occasions, the most recent being at most one month prior to the offense charged. The evidence concerning these prior occasions also showed that appellant was generally given money or liquor for his services.

This evidence tended to show that the relationship between appellant and the witnesses was a continuous, business like one, conducted for profit. This in turn was relevant to the *motive* with which appellant acted on April 11, 1969. Appellant received money or alcoholic beverages for his services on past occasions and had a standing invitation, at least to Ray, to "come back." This evidence also tended to show that appellant acted intentionally and voluntarily in obtaining the alcoholic beverages for these witnesses on the night charged.

In addition, evidence that appellant had gotten alcoholic beverages for the witness before is relevant to the issue of whether appellant knew the witness' age. The witness testified that at some unspecified time in the past he had told appellant he was 17 years old. The fact that appellant obtained alcoholic beverages for the witness more than once tends to corroborate the witness' statement that appellant knew the witness was underage. If there had been only one occurrence, appellant might have been uncertain as to why he was asked to buy the alcoholic beverages, depending upon the details of that purchase. But after several times, appellant would have to know that the witness was using appellant because the witness could not obtain it himself since he was not 21. This evidence corroborated the witness' testimony and was relevant.·

Appellant contends that the trial court did not have jurisdiction over the subject matter in this case because the trial

court instructed the jury that the affidavit was based on Acts 1935, ch. 226, § 31, as last amended Acts 1961, ch. 288, § 1, Burns Ind. Stat. Ann. § 12-610, which statute had in fact been repealed. Burns § 12-610 reads in part as follows:

> "No alcoholic beverages shall be sold, bartered, exchanged, given, provided or furnished, to any person under the age of twenty-one (21) years. . . . Any person guilty of violating this paragraph shall be punished by a fine of not less than twenty dollars ($20.00), nor more than fifty dollars ($50.00), to which may be added six (6) months imprisonment."

Appellant argues that this statute was repealed by Acts 1945, ch. 357, §§ 7a, 7h, and 16, Burns Ind. Stat. Ann. §§ 12-438a, 12-438h, (no Burns citation for § 16). Those provisions read as follows:

> "12-438 (a)    It shall be unlawful for any person to sell, barter, exchange, give, provide or furnish any alcoholic beverages to any person under the age of twenty-one (21) years."

> "12-438 (h)    Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not exceeding five hundred dollars ($500), to which may be added imprisonment not exceeding six (6) months."

> "Acts 1945, ch. 357, § 16. All laws and parts of laws in conflict herewith, but only to the extent of such conflict, are hereby repealed. . . ."

The latter section of the 1945 statute does not expressly repeal the 1935 statute because the latter statute is not identified as being the one repealed. Section 16 has no legal force over and above the already applicable principle that any statutes inconsistent with the 1945 acts are repealed by implication. *Payne* v. *Buchanan* (1958), 238 Ind. 231, 150 N. E. 2d 250. The issue then is whether the 1945 act is inconsistent with the 1935 act so as to repeal the latter by implication, thus depriving the trial court of jurisdiction to try and sentence appellant under the 1935 act.

We believe the answer is no. The repeal of statutes by implication is not a favored result. *Payne* v. *Buchanan, supra.* They occur only if the statutes are so inconsistent that it must be assumed the Legislature did not intend that both remain in force. *Lake County Department of Public Welfare* v. *Nichols' Estate* (1945), 223 Ind. 467, 62 N. E. 2d 146; *Hammond City Court* v. *State ex rel. Hofbauer* (1965), 247 Ind. 300, 208 N. E. 2d 682. The offense proscribed by the 1945 act is *not* inconsistent with that proscribed in the 1935 act, rather the offenses are identical. Therefore the trial court had jurisdiction to try and sentence appellant for an offense under the 1935 act. It is true that the two statutes differ as to the maximum fine that may be imposed by the trial court. In this case appellant was tried and sentenced under the 1935 act which provides for a maximum fine of only $50, rather than $500, and we do not see how appellant has been prejudiced by the trial court's choice of statutes.

Judgment affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 262 N. E. 2d 186.