FRANK RANDOLPH *v.* STATE OF INDIANA.

[No. 776S224. Filed April 18, 1977.]

*David W. Foley,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

DeBruler, J.—Frank Randolph was convicted in a jury trial of the offense of having raped R. L., while armed, on August 17, 1974, in violation of Ind. Code § 35-12-1-1. The bases of this appeal are that the trial court erred in permitting the prosecution over objection to present evidence of a separate crime not charged, and in giving two irregular jury instructions.

After dark on the date charged, R. L. and a male friend were seated in an auto parked in Washington Park, Marion County. They were forced out of the car and marched into a nearby woods by a man armed with a pistol. The male friend was forced to lie face down on the ground while the woman was raped. Immediately before raping her the attacker said that he wanted her blouse unbuttoned. After the assault the couple was led to a dark blue Cadillac which the man entered and drove away in. R. L. identified appellant in court as her assailant, however, her male friend could make no identification. She was firm in this identification but admitted that it was based upon a single glimpse of his face which she got as he left them to enter the Cadillac.

The State called R. M. T. to the stand, and over objection, she was permitted to testify that on the night of March 29, 1975 (seven months after the attack on R. L.) she and her boyfriend were seated in a car in Wes Montgomery Park, Marion County. She identified appellant as having appeared at that time armed with a gun. He locked her boyfriend in the trunk of the car, and forced her to enter his dark-colored Cadillac, unbuttoned her blouse and raped her. She was then released near her boyfriend's car.

Appellant complains that it was error to permit the State to introduce the testimony of R. M. T. as it was irrelevant

and irreparably prejudicial. Such evidence of separate offenses is not admissible to show bad character or a propensity to commit the crime charged. *Maldonado* v. *State,* (1976) 265 Ind. 492, 355 N.E.2d 843; *Schnee* v. *State,* (1970) 254 Ind. 661, 262 N.E.2d 186; McCORMICK, EVIDENCE § 190 at 447-454 (2d Ed. 1972). However, such evidence may be admissible if it has a tendency, distinct from such impermissible matter, to make the existence of an element of the crime charged more probable that it would be without such evidence. *Cobbs* v. *State,* (1975) 264 Ind. 60, 338 N.E.2d 632. And where such evidence is admitted for an identifiable special purpose, the trial court should instruct the jury that it should limit its consideration to such purpose. *Zimmerman* v. *State,* (1920) 190 Ind. 537, 130 N.E. 235.

At the trial the testimony of R. L. identifying appellant as her assailant was weakened by her limited opportunity to view his features. Identity therefore was a real issue before the jury, in spite of the clear identification testimony given by her. The test of the admissibility of the evidence of the separate crime here is whether proof of it tends to establish that appellant was the perpetrator of the offense charged. This test is satisfied if the two incidents are sufficiently similar to support an inference that the same person committed both, and if appellant is shown to have perpetrated the attack on R. M. T. Each of these incidents involved attacks on couples in Marion County parks at night. In each case a gun was held on the man, and the attacker wished to have the woman's blouse unbuttoned. A dark-colored Cadillac was used in each rape. The incidents were sufficiently similar. The second part of the test was satisfied by R. M. T.'s unequivocal testimony identifying appellant as her assailant.

Appellant also contends that this same testimony of R. M. T. was so irreparably prejudicial as to have required its exclusion. Each trial judge is vested with a residual judicial discretion to exclude matter, the minimal relevance of which is clearly outweighed by the tendency of

such matter to inflame the minds of the jury. *Cobbs* v. *State, supra.* However, the trial court did not abuse its discretion in this regard in striking the balance as it did and in admitting such testimony.

Appellant next contends that the rule permitting evidence of separate criminal offenses to be received where it is relevant does not apply here, as the rule limits such offenses to those occurring prior to the offense charged. There is no such limitation in the rule. If the evidence of separate offenses is relevant, it is admissible; if irrelevant it is not. 2 WIGMORE § 305 at 205, § 316 at 217 (3d ed. 1940). The testimony of R. M. T. to prove the element of identity maintains its probative force for this purpose in spite of the fact that it occurred subsequent to the crime charged. *Critchlow* v. *State,* (1976) 264 Ind. 458, 346 N.E.2d 591.

Appellant challenges the trial court's instruction setting forth a definition of reasonable doubt on the basis that such instruction did not specifically utilize the self-interest and freedom from compulsion to act concepts found in the commonly accepted formulation of such instruction. The instruction complained of states:

"A reasonable doubt is not a fanciful doubt. It is a doubt which arises from the evidence, the lack of evidence or a conflict in the evidence.

It is a doubt which would disturb the conscience of a resolute and decent person. . . ."

Appellant did tender an instruction conforming to the standard formulation approved in *Greer* v. *State,* (1969) 252 Ind. 20, 245 N.E.2d 158, which the trial court refused. The identical instruction challenged here was considered in light of this same contention in *Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830, 56 Ind. Dec. 605, and by the Second District Court of Appeals in *Toliver* v. *State,* (1976) Ind. App., 355 N.E.2d 856. It is clear to the author of this opinion that the absence of the two concepts identified by appellant render this instruction inadequate to serve *as an example* of

the moral certainty which authorizes the verdict of guilty under this Court's opinion in *Bradley* v. *State*, (1870) 31 Ind. 492. The absence of the concept of freedom from compulsion to act creates a substantial danger that the conviction will actually rest upon a belief in guilt by a mere preponderance of the evidence. As pointed out by the *Bradley* Court,

> "[A] prudent man, compelled to do one of two things affecting matters of the utmost moment to himself, might, and doubtless would, do that thing which a mere preponderance of evidence satisfied him was for the best, and yet such a conviction would fall far short of that required to satisfy the mind of a juror in a criminal case." 31 Ind. at 504-505.

In addition to this specific defect, I likewise agree with Judge White speaking for a majority of the Second District Court of Appeals in the *Toliver* case, that the instruction fails as an example of the moral certainty required for conviction, because it contains no affirmative definition of such moral certainty. Nevertheless, the challenge made by appellant here to this instruction is the same as the one made to this Court in the *Brown* case, and upon due consideration a majority of this Court rejected it. It was, therefore, not error for the trial court to give this instruction or to refuse the one proffered by appellant.

Appellant also challenges an instruction given by the court which sought to explain to the jury its duty to assess the appropriate penalty in the event a verdict of guilty was returned. The basis of this challenge was that such instruction gave the jurors no guidelines upon which to decide the penalty. This identical instruction was considered in light of this same contention in *Brown* v. *State, supra,* and was upheld.

The conviction is affirmed.

NOTE.—Reported at 361 N.E.2d 900.