**Dennis Van LEE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 878S164.

Supreme Court of Indiana.

July 26, 1979.

B. K. Delph, Hammond, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Dennis Van Lee, was convicted of robbing the Broadway Dress Shop in East Chicago, Indiana in violation of Ind. Code § 35–13–4–6 (since repealed) in a trial by jury following a plea of not guilty and a special plea of not guilty by reason of insanity, and received a sentence of not less than ten nor more than twenty-five years. The conviction occurred on April 14, 1978. This appeal case was inadvertently filed in this Court rather than the Court of Appeals in that the minimum sentence given appellant was not greater than ten years. Ind.R. App.P. 4(A)(7). However, due to the length of time this case has been held in this Court awaiting disposition, we exercise our inherent discretionary authority to accrete our appellate jurisdiction and decide this case. Art. 7, § 4, Indiana Constitution; Ind.R. App.P. 4.

In bringing this appeal Lee presents four issues: (1) whether the court erred in finding appellant competent to stand trial; (2) whether it was error to admit appellant's confession; (3) whether the evidence was sufficient; and (4) whether a fair trial was denied when two of the court-appointed physicians testified that they had formed no opinion and where the State's physician witness testified after the court-appointed physicians.

The facts of the case are as follows:

At 10:00 a. m. on September 7, 1976, a man entered the Broadway Dress Shop in East Chicago, Indiana, grabbed a clerk of the store, took a butcher knife in hand, and while threatening her took money from the cash register, a jar, and the clerk's purse. He then tied her up and left. The entire episode lasted for fifteen minutes. The clerk identified appellant at trial as the man who had robbed her. Appellant's written admission of the crime was introduced in evidence as well.

### (I)

After arrest and prior to trial appellant was committed to the custody of the Department of Mental Health by court order pursuant to the provisions of Ind. Code § 35–5–3.1–1, as having insufficient comprehension to understand the nature of the offense charged and to assist in his own defense. Thereafter, on October 13, 1977, following certification that appellant had regained sufficient comprehension, appellant requested and was granted a formal hearing. After such hearing the trial court concluded that appellant had sufficient comprehension to proceed with trial. A determination of competency to stand trial "involves questions of fact, and an appropriate finding by the trial court is reversible on appeal only if clearly erroneous as unsupported by the facts and circumstances before the court together with any reasonable inferences to be drawn therefrom." *Howard v. State*, (1976) 265 Ind. 503, 505–506, 355 N.E.2d 833, 835. At the hearing Dr. Constan, appellant's attending physician at the State Mental Hospital, testified that appellant reacted in a normal way to the aides, attendants and patients in the ward; but when he was interviewed for the purpose of evaluation he would answer direct questions by stating, "I don't know", and was totally uncooperative. The doctor concluded that appellant intentionally refused to cooperate out of self-interest. As described appellant was simply unwilling to answer the questions of the doctor. Dr. Constan was joined by Dr. Salsberg at this hearing in the opinion that appellant had sufficient comprehension to understand the charges against him and to assist his coun-

sel. The court was not bound by these opinions. However, on appeal they provide sufficient evidence to support the trial court's determination of competency.

On the first day of trial appellant by counsel renewed his motion alleging lack of comprehension. The court reviewed the previous testimony of Drs. Constan and Salsberg and called a police officer employed in the jail where appellant had been held for trial who testified that appellant had done what was asked of him while in jail, but was extremely quiet. The witness on one occasion asked appellant whether he was going to court, and appellant nodded in the affirmative. The renewed motion was denied, and we cannot say that such ruling, given the testimony considered by the trial court, was clearly erroneous.

### (II)

#### A.

Following a hearing on appellant's in-trial motion to suppress his written confession, the trial court denied the motion and the confession was admitted. On appeal appellant contends that this ruling was error. The constitutional basis for the motion and objection were stated by defense counsel as follows:

"I would indicate as a sound principle that once a defendant indicates that he does not want to talk to the police officers, at that point interrogation must cease. It was apparent from the testimony that the Defendant didn't want to talk on Saturday and yet his questioning was resumed on Sunday. I would indicate that that was an abdication of his constitutional rights particularly the fifth and sixth amendments."

Appellant relies upon that phase of the case of *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, wherein the United States Supreme Court said:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has

shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." 384 U.S. at 473–74, 86 S.Ct. at 1627–28.

The evidence given upon the objection to the admission of the confession disclosed the following. Appellant was arrested on a rape charge on the afternoon of Saturday, September 18, 1976, and was given an advisement of rights as required by the *Miranda* case. Appellant gave an exculpatory statement to the police saying that the police had arrested the wrong man and that he had not done anything wrong in their city. Twenty hours later, on Sunday, September 19, 1976, the interrogating officer returned to his task, confronted appellant and told him that a friend had told the police everything about the rape and given the police the clothing he had been wearing at the time of the rape. Appellant responded that he was ready to confess. He was then, prior to proffering any specific facts regarding the rape, again read an advisement of rights and executed a written waiver. He then gave a lengthy statement to the police in which he described in detail having raped a woman in an apartment house in Gary, Indiana on September 17, 1976, using a black handled knife measuring eleven inches long. The knife was found on appellant when he was arrested. Toward the end of the statement appellant was questioned and did respond as follows:

"Q. Are there any other crimes that you are involved in in the city of East Chicago, Indiana?

A. Yes. At the Broadway Dress Shop with my knife.

Q. Are there any other armed robberies other than Broadway Dress Shop?

A. That's the only thing I ever done in East Chicago."

█ At the hearing on the objection to the admission of the statement the interrogating officer testified in part as follows:

"Q. Did he (appellant) ever indicate to you that he didn't want to be questioned at that time?

A. On Saturday, yes."

Appellant based his objection upon this testimony. However, later during further examination by defense counsel, the same officer gave further explanation of the same occurrences on Saturday:

"Q. Well, to the best of your ability, approximately how many hours elapsed from when Dennis Van Lee told you he didn't want to talk about or be questioned on Saturday to Sunday when you resumed questioning?

A. Well, he didn't say he didn't want to talk about it, he said that we have the wrong man, he was mistaken, and he was not—he hadn't done anything in our city."

This testimony of the officer, the sole evidence presented describing the Saturday occurrences, when considered as a whole was sufficient to warrant the conclusion of the trial court beyond a reasonable doubt that appellant did not assert or invoke his right to remain silent in any manner. There was no intent on his part not to speak to the police regarding their suspicions of him. There was, therefore, no impermissible resumption of interrogation as contended in appellant's objection, and the trial court was, therefore, not in error in overruling this particular objection.

### B.

Defense counsel also objected to the admission of his client's confession on the ground that it contained evidence of another crime, namely, the rape. The trial court overruled this objection and subsequently admitted the entire statement with an accompanying instruction to the jury that appellant's alleged participation in an unrelated crime not charged revealed in the statement was not to be considered by them as evidence of guilt of the charged crime, but was to be considered by the jury solely for the purpose of determining appellant's sanity or insanity at the time of the commission of the charged robbery.

Appellant argues that the rape admitted by appellant in his confession took place ten days after the robbery of the Broadway Dress Shop and because of this relationship in time to the robbery was inadmissible. Appellant relies upon supportive general language in *Stamper v. State*, (1973) 260 Ind. 211, 294 N.E.2d 609. The general rule governing the admissibility of evidence of other and distinct offenses by a defendant is that such evidence is inadmissible if it is irrelevant or its sole relevance is to show the defendant's character is bad or that he has a tendency to commit crimes. *Schnee v. State*, (1970) 254 Ind. 661, 262 N.E.2d 186. In *Randolph v. State*, (1977) 266 Ind. 179, 361 N.E.2d 900, we applied this rule in considering whether evidence of a separate offense occurring seven months after the crime charged was admissible. There we concluded:

> "Appellant next contends that the rule permitting evidence of separate criminal offenses to be received where it is relevant does not apply here, as the rule limits such offenses to those occurring prior to the offense charged. There is no such limitation in the rule. If the evidence of separate offenses is relevant, it is admissible; if irrelevant it is not. 2 Wigmore § 305 at 205, § 316 at 217 (3d ed. 1940)." 266 Ind. at 182, 361 N.E.2d at 901–02.

As a result of appellant's plea of insanity, the burden at trial was on the prosecution to prove appellant sane and responsible at the time of the robbery on September 7, 1976. It could do so by proving to the satisfaction of the jury that appellant was not suffering from a mental disease or defect at that time, or if he was so suffering at the time he nevertheless could still appreciate the wrongfulness of his conduct and could conform his conduct to the requirements of the law. *Hill v. State*, (1969) 252 Ind. 601, 251 N.E.2d 429. The confession was made on September 19, 1976, and disclosed that appellant at that time maintained an exacting recollection of the events and surroundings of the September 17 rape and knew the moral quality of his acts comprising that attack. The statement is likewise supportive of the inference that appellant had a like recollection at the time of the events and moral quality of the acts which constituted the September 7 robbery, and therefore he was not suffering from a mental disease or defect at that time and appreciated the wrongfulness of the robbery. Moreover, the relevance of the part of the statement in which the appellant describes the rape is further highlighted upon consideration of the testimony provided by physicians at the trial who testified that during evaluations appellant inevitably answered their direct factual questions with "I don't know". Some physicians were stymied by this uncooperativeness in forming an opinion of appellant. However, one physician testified that in his opinion appellant's answers were intentional, goal-oriented and normal responses by which appellant sought to protect himself from legal consequences. Appellant's confession of the rape charge, with all of its detail, was uniquely corroborative of this physician's evaluation of appellant's responses in that it would tend to support the inference that appellant did indeed recall the events about which he was being questioned by the physicians but chose to falsely state that he did not recall them. We, therefore, conclude that the trial court correctly admitted that part of the confession in which appellant described the rape as it was greatly relevant to an issue at trial.

### C.

Appellant also contends that the interrogation became coercive when it was delayed until twenty hours after his arrest and included the presentation to him of the incriminating evidence of guilt. Such delay and presentation of evidence is uncontradicted and therefore we accept such matters as proven. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. However, such evidence must be considered within the totality of the circumstances in determining beyond a reasonable doubt whether a confession or waiver has been freely, voluntarily and intelligently given. *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188; *Bur-*

*ton v. State*, (1973) 260 Ind. 94, 292 N.E.2d 790. During the twenty hour detention of appellant following arrest he was not presented to a magistrate and therefore such detention insofar as it exceeded six hours must be given negative weight in determining voluntariness. Ind. Code § 35–1–21–1; *Hill v. State*, (1979) Ind., 390 N.E.2d 167; *Williams v. State*, (1976) 264 Ind. 664, 348 N.E.2d 623. In support of the trial judge's determination appellant was shown to have been given an advisement of rights on arrest on Saturday and then freely gave an exculpatory statement upon questioning. He was then simply placed in the East Chicago lockup until the next day and for the remainder of the twenty hour period. There was no suggestion of physical mistreatment, threats, prolonged interrogation, or deprivation of food, water or sleep. When the officers confronted appellant the next day with the evidence they had against him they did so with direct statements and did not accompany them with threats, promises or falsehoods. The direct statements were true and accurately described such incriminating evidence. As in *Montes v. State*, (1975) 263 Ind. 390, 332 N.E.2d 786, we are confronted with negative factors which must be weighed against the State, but nevertheless conclude that the entire body of relevant evidence was sufficient to warrant the trial court in finding that the confession was not inadmissible on this ground.

### (III)

Appellant next challenges the sufficiency of evidence to convict. We find the evidence given by the clerk of the store which is paraphrased above in the recital of the offense in conjunction with appellant's admissions provided substantial probative support for elements of the offense which are (1) an unlawful taking, (2) from the person of another, (3) an article of value, (4) by violence or putting in fear. Appellant's sanity was sufficiently supported by his own confession and the opinion provided by Dr. Constan that appellant was sane on the date of the robbery.

### (IV)

Appellant finally contends that requirements of Ind. Code § 35–5–2–2 that the court-appointed physicians "testify at trial" and that the testimony of court-appointed physicians "follow the presentation of the evidence for the prosecution and for the defense" were not met in this case in that the court-appointed physicians testified that they had been unable because of appellant's uncooperativeness to arrive at an opinion as to his sanity on the date of the offense and because the trial court permitted the prosecution's psychiatrist witness to testify after the court-appointed physicians had testified. With regard to the first prong of this argument, an examination of the statute reveals that the purpose intended by it is to provide the trier of fact with a core of expert testimony to assist it in resolving the legal sanity issue. There is no prohibition in the statute preventing such witnesses from testifying on the ultimate question, nor as we interpret it is there a requirement that they provide a definite opinion one way or the other on that question. Such a definitive opinion is commonly given and is desirable; however, we find no legal right stemming from the statute to such an opinion. The second prong of this argument is likewise without merit in that the statute expressly authorizes both the prosecution and the accused to present evidence in rebuttal to the testimony of the court-appointed witnesses. We, therefore, conclude that the requirements of the statute were satisfied at appellant's trial.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.