**Robert M. BURGESS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 182S43.**

Supreme Court of Indiana.

Feb. 18, 1983.

David M. Shaw, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Robert M. Burgess, was originally charged with the murder, Ind.Code § 35–42–1–1(1) (Burns 1979 Repl.) of Mary L. Beck. He was convicted, after a trial by jury, of the lesser included offense of voluntary manslaughter, Ind.Code § 35–42–1–3 (Burns 1979 Repl.), a class B felony, and was sentenced to a term of twenty years. Fifteen years of his sentence are to be executed and the remaining five are to be suspended to probation. Defendant raises three issues in this appeal:

(1) Whether the trial judge committed error by incorrectly defining the concept of reasonable doubt in his instructions to the jury.

(2) Whether the trial judge committed error by informing the jury that the death penalty was not involved in this case.

(3) Whether the trial judge committed error in sentencing the defendant by incorrectly assessing his need for rehabilitation.

## I.

Defendant first argues that the trial judge erred by giving an inaccurate definition of the concept of reasonable doubt in his instruction to the jury and by refusing defendant's correct instruction. The instruction read to the jury stated in part:

"If, after considering all of the evidence, you have reached a firm belief in the guilt of the defendant that you would feel safe to act upon that belief, without hesitation, in a matter of the highest concern and importance to you, then you will have reached that degree of certainty

which excludes reasonable doubt and authorizes conviction."

Defendant's tendered instruction, which was refused, was almost identical and read in part:

"If, after considering all of the evidence, you have reached such a firm belief in the guilt of the defendant that you would feel safe to act upon that conviction, without hesitation, in a matter of the highest concern and importance to you, when you are not required to act at all, then you will have reached that degree of certainty which excludes reasonable doubt and authorizes conviction."

Defendant contends that the phrase "when you are not required to act at all" is an essential element of the definition of reasonable doubt and that its omission renders the instruction given incorrect. He argues that the absence of this phrase created a danger that defendant's conviction by the jury rested upon a belief in his guilt by a mere preponderance of the evidence and that he was therefore deprived of the benefit of the standard of proof beyond a reasonable doubt.

Defendant's challenge, however, has been rejected by this Court several times. In *Brown v. State,* (1977) 266 Ind. 82, 360 N.E.2d 830, the appellant objected to the instruction on reasonable doubt given by the trial court which stated:

"A reasonable doubt is not a fanciful doubt. It is a doubt which arises from the evidence, the lack of evidence or a conflict in the evidence.

It is a doubt which would disturb the conscience of a resolute and decent person who is sincerely devoted to justice for everyone, without regard to his or her status in life or society."

We held there that while this language was not the best, it was nevertheless adequate to instruct the jury on the concept of reasonable doubt. *Id.* at 91, 360 N.E.2d at 836. We considered the same definition in *Randolph v. State,* (1977) 266 Ind. 179, 361 N.E.2d 900, where appellant specifically challenged the instruction on the basis that it did not utilize the freedom from compulsion to act concept found in the commonly accepted formulation of such instruction. We again held that it was not error for the trial court to give this instruction or refuse the one proffered by appellant. *Id.* at 183, 361 N.E.2d at 902. The instruction given in *Brown* and *Randolph* was also approved in *Holt v. State,* (1977) 266 Ind. 586, 365 N.E.2d 1209, and *Lynch v. State,* (1977) 175 Ind.App. 119, 370 N.E.2d 401. Furthermore, the instruction given by the trial court here is the one suggested in the Indiana Pattern Jury Instructions (Criminal) 11.01. The omission of the phrase "when you are not required to act at all" can thus not be said to render the instruction given here inaccurate or incomplete. The omission is not fatal, and it was not error to give this instruction or refuse defendant's tendered instruction.

## II.

Defendant next urges that it was error for the trial judge to inform the jury that the death penalty was not involved in this case during his voir dire examination of the panel. After reading the information charging the defendant with murder to the jury during voir dire, the trial judge remarked, "I must tell you right away some people do not wish to serve on a murder case because they do not wish to be involved in any kind of a death penalty. The death penalty is not involved in this case." Defendant's objection to this statement was overruled and his motion for a mistrial denied. He contends that it was unfair to inform the jury that the State was not seeking the death penalty, especially when the defendant was not allowed to inform the jury of the possible penalties he actually faced.

The penalty prescribed by the Legislature is irrelevant to the jurors in the performance of their "guilt assessing" duty, and they should be oblivious to the Legislature's punishment scheme since judges rather than juries now fix sentences. *Debose v. State,* (1979) 270 Ind. 675, 389 N.E.2d 272. The penalty of death however for the com-

mission of a crime must be recognized as unique and singular. The possibility of the imposition of a death sentence can be an ever present and secretly held concern of prospective jurors in a murder case and as such might reasonably be expected to improperly influence the manner in which they answer questions on voir dire. It cannot reasonably be said that defendant's subsequent trial was rendered unfair by the remarks of the judge which were calculated to prevent prospective jurors from engaging in improper speculation about the propriety of the death penalty.

In *Feggins v. State,* (1977) 265 Ind. 674, 359 N.E.2d 517, we held that the trial judge properly, upon a question from a prospective juror about the possibility of parole in the event of a sentence of life imprisonment, instructed the jury about parole while cautioning them that this was not a proper concern in their determination of guilt or innocence. Because of the special nature of the death penalty, we hold that the trial judge here was similarly warranted in injecting on his own initiative the statement that the death penalty was not involved in an attempt to prevent prospective jurors from seeking disqualification upon the mistaken belief that they would be called upon to make a life or death decision. Moreover, in his final instructions, the judge informed the jury that the instructions contained no information about possible penalties and that he was solely responsible for assessing the penalty if they convicted the defendant. The statement of the judge during voir dire was not improper.

### III.

██ Defendant finally contends that the trial court erred in finding that he needed rehabilitation. He argues that there was insufficient evidence to support this finding and that the defendant's sentence of fifteen years in prison and five years on probation was erroneous. The basic sentence for a class B felony is ten years with up to ten years added for aggravating circumstances or four years subtracted for mitigating cir-

cumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.). When the basic sentence is increased or decreased, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances. *Gardner v. State,* (1979) Ind., 388 N.E.2d 513; Ind.Code § 35–4.1–4–3 (Ind.Code § 35–50–1A–3, Burns 1979 Repl.).

The facts of this case show that defendant killed the woman he lived with by cutting her throat with a knife. He previously had experienced several problems as a result of his abuse of alcohol, including a conviction for drunk driving, and had been drinking alcohol on the day of the murder. After killing Beck, defendant started several small fires in her apartment in an apparent attempt to cover up the crime. These fires posed a danger to persons occupying other apartments in the same building.

In imposing the sentence, the trial judge complied fully with the statutory requirements and with our previous directives to consider and record all of the relevant mitigating as well as aggravating circumstances. See *Page v. State,* (1981) Ind., 424 N.E.2d 1021; Ind.Code § 35–4.1–4–7 (Ind. Code § 35–50–1A–7, Burns 1979 Repl.). He listed as mitigating factors the defendant's age (forty-eight) and the fact that he had led a generally law-abiding life up until the time of this offense. As aggravating circumstances, the judge found that the murder was savage and brutal and that the victim had not had an easy death. He noted that defendant had attempted to conceal the crime and that this was indicative of a devious and plotting mind. He examined the destructive role that the abuse of alcohol had played in defendant's life and indicated that the defendant needed rehabilitation which could best be obtained by incarceration at a penal institution. He also stated that he felt that any lesser sentence would depreciate the seriousness of the crime.

██ The trial judge is authorized to determine whether the presumptive sentence for a crime will be increased or decreased because of aggravating or mitigat-

ing circumstances. *Logsdon v. State,* (1980) Ind., 413 N.E.2d 249; *McCawley v. State,* (1980) Ind., 409 N.E.2d 594. This Court will not revise or strike down a sentence if that sentence was authorized by statute, if it is not manifestly unreasonable, and if the record discloses the trial court's finding of aggravating and/or mitigating circumstances. *Bish v. State,* (1981) Ind., 421 N.E.2d 608. This sentence is clearly authorized by the statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2. The trial judge, as noted above, made a complete and thorough record of both the aggravating and mitigating factors. There is no error in sentencing.

The conviction and sentence are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.