Herbert STRONG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A05–9306–CR–226.

Court of Appeals of Indiana,
Fifth District.

April 27, 1994.

Alan K. Wilson, Muncie, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

BARTEAU, Judge.

Herbert Strong appeals his conviction of Dealing in Cocaine, a Class B felony. He presents two issues:

(1) Whether an instruction to the jury defining reasonable doubt amounts to fundamental error; and

(2) Whether the trial court abused its discretion in denying a motion for continuance and motion to withdraw filed by defense counsel the day before trial.

We affirm.

### REASONABLE DOUBT INSTRUCTION

Without objection by Strong, the trial court gave the following "reasonable doubt" instruction:

A "reasonable doubt" is a fair, actual and logical doubt that arises in your mind after an impartial consideration of all of the evidence and circumstances in the case. It should be a doubt based upon reason and common sense, and not a doubt based upon imagination or speculation.

If, after considering all of the evidence, you have reached such a firm belief in the guilt of the defendant that you would feel safe to act upon that belief, without hesitation, in a matter of the highest concern and importance to you, when you are not required to act at all, then you will have reached that degree of certainty which excludes reasonable doubt and authorizes conviction.

The rule of law which requires proof of guilt beyond a reasonable doubt applies to each juror individually. Each of you must refuse to vote for conviction unless you are convinced beyond a reasonable doubt of the defendant's guilt. Your verdict must be unanimous.

■ Strong alleges two primary infirmities within the given instruction. First, he contends that the phrase "fair, actual, and logical doubt" is the equivalent of language previously condemned by the United States Supreme Court as violative of the Due Pro-

cess Clause of the Fourteenth Amendment. Second, Strong contends that in attempting to define "reasonable doubt" the trial court both impermissibly shifted the burden of persuasion and trivialized the concept of "reasonable doubt." In reviewing the questioned instruction, the proper inquiry is whether there is a reasonable likelihood that the jury applied the instruction in an unconstitutional manner. *Estelle v. McGuire* (1991), 502 U.S. ——, 112 S.Ct. 475, 116 L.Ed.2d 385. If the jury could have so applied the instruction, then Strong's failure to object will not defeat his claim, because a flawed reasonable doubt instruction is not subject to harmless error analysis. *Sullivan v. Louisiana* (1993), —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182.

### *Fair, actual and logical doubt*

■ The trial court instructed the jury that a "reasonable doubt" is a "fair, actual, and logical doubt." Strong argues that this language is the equivalent of language defining "reasonable doubt" as an "actual substantial doubt." Such a definition was condemned in *Cage v. Louisiana* (1990), 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339. In *Cage,* the jury was instructed:

If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is, one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty.*

*Id.* at 40, 111 S.Ct. at 329 (emphasis added).

In holding that this instruction violated the due process clause of the Fourteenth Amendment, the court stated:

It is plain to us that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to "moral certainty," rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilty based on a degree of proof below that required by the Due Process Clause. *Id.* at 41, 111 S.Ct. at 329–330.

We do not find the same infirmity exists in the instruction given in the case before us as existed in *Cage*. The words "fair, actual, and logical doubt" do not suggest a higher degree of doubt than required for acquittal under the reasonable doubt standard. The words "substantial" and "grave" are quite different definitionally from "reasonable." However, the words "fair," "actual" and "logical" are all synonymous with "reasonable," and thus do not elevate the doubt required to a level above that inherent in "reasonable."

### The second paragraph

■ Strong also identifies several potential problems with the second paragraph of the reasonable doubt instruction. He notes that this paragraph actually defines the concept of "beyond a reasonable doubt" rather than "reasonable doubt." He contends that the absence of anything identifying this switch to the inverse concept could lead the jury to misunderstand the burden of proof. We agree that it would be preferable to inform the jury at the beginning of the second paragraph that the concept of reasonable doubt was being explained from a different perspective. However, because the final sentence of the paragraph adequately conveys the nature of the definition, we decline Strong's invitation to find it objectionable.

■ In a related argument, Strong points out that the instruction speaks in terms of a juror's willingness to act, a potentially burden shifting characterization, rather than a juror's hesitation to act, a widely accepted characterization. *See Victor v. Nebraska* (1994), — U.S. —, 114 S.Ct. 1239, 127 L.Ed.2d 583; *U.S. v. Noone* (1st Cir.1990), 913 F.2d 20, n. 14; *but see Victor v. Nebras-*

*ka,* — U.S. —, 114 S.Ct. 1239, 127 L.Ed.2d 583 (Ginsburg, J. concurring in part and concurring in judgment). Again, while reference to a juror's hesitation to act would be the preferable characterization, we cannot say that the instruction as given, even though caged in terms of willingness to act, could have misled the jury as to the burden of proof.

■ The final point raised by Strong is whether the paragraph impermissibly trivialized the concept of "reasonable doubt" by equating "reasonable doubt" with the juror's own decision-making. Some federal cases have criticized language such as that used here on the premise that, because decisions made in a juror's private life are correctable, the standard they would use in making them does not rise to the level of beyond a reasonable doubt. *See Noone,* 913 F.2d at 28–29; *Dunn v. Perrin* (1st Cir.1978), 570 F.2d 21, 24–25. While acknowledging the criticism, we decline to find fundamental error based on this characterization. The "reasonable doubt" instruction, taken as a whole, adequately and correctly conveys an adequate description of the concept. Further, the given instruction is almost identical to the Indiana pattern jury instruction on "reasonable doubt", Ind. Pattern Jury Instructions (Criminal), Instruction 11.01 (1980), which has been repeatedly approved by our supreme court. *Light v. State* (1989), Ind., 547 N.E.2d 1073; *Kiper v. State* (1983), Ind., 445 N.E.2d 1353; *Burgess v. State* (1983), Ind., 444 N.E.2d 1193.

We find no error in the instruction to the jury.

### MOTION FOR CONTINUANCE AND MOTION TO WITHDRAW

Several months before trial, defense counsel requested that the prosecution provide him with the names and addresses of any witnesses known or interviewed by the prosecution that it did not intend to call at trial. The prosecution did not provide him with the name of Jake Taylor, a confidential informant who was present during the drug transaction, until the day before trial. At that time, counsel moved to withdraw because he

was currently representing Taylor in another criminal matter. The trial court denied the motion and a similar motion made the morning of trial. The court also denied a motion for continuance to enable defense counsel time to subpoena Taylor. An unsuccessful attempt was then made to subpoena Taylor for trial.

Strong contends that the trial court erred in denying the motion to withdraw because counsel was in an untenable ethical dilemma. He argues it was error to deny the motion for continuance because he was prejudiced by being unable to produce Taylor. We agree that defense counsel should never have been put in such a position, but because we see no prejudice to Strong's case, no reversible error has occurred.

■■■ Whether to permit withdrawal of counsel is within the trial court's discretion and we will reverse only when denial constitutes a clear abuse of discretion and prejudices the defendant's right to a fair trial. *Roberts v. State* (1986), Ind., 500 N.E.2d 197. Strong provides a myriad of problems which might have presented themselves had Taylor appeared at trial. However, he presents nothing showing any actual conflict on counsel's part or prejudice to his defense resulting from the events as they actually occurred. There is no indication that defense counsel knew anything of Taylor's involvement in Strong's case, had gained any confidential information—either beneficial or harmful to Strong—as a result of his representation of Taylor, or that he was prevented from defending Strong in any way due to his representation of Taylor. Consequently, the trial court did not abuse its discretion in denying the motion to withdraw.

■■■ Likewise, the denial of a motion for continuance amounts to reversible error only if it constitutes an abuse of discretion and causes prejudice to the defendant. *Beverly v. State* (1989), Ind., 543 N.E.2d 1111, 1113. Strong fails to establish any prejudice caused by the denial of the continuance, other than to allege that Taylor's testimony was important. Taylor was present in the van with the police officer during the drug transaction. Thus, it is not as if Strong was unaware there was another witness to the event. The transaction was also monitored both visually and audibly by two other police officers, one of whom had known Strong for years. Both officers identified Strong as the individual who provided the cocaine. Strong presents no argument as to how he believes Taylor's testimony would have benefitted him or how he was prejudiced without it. Thus, he presents no reversible error.

The conviction is affirmed.

RUCKER and RILEY, JJ., concur.