Steve **WINEGEART**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 20A04–9403–CR–96.

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1994.

---

Brent Westerfeld, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

### OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Steve Winegeart appeals from his conviction of burglary, a class B felony.

We reverse and remand for a new trial.

### ISSUE

Whether the jury instruction defining "reasonable doubt" constitutes fundamental error?

### FACTS

On the evening of April 30, 1993, Winegeart was in the company of two friends. The trio went to an apartment and forced the front door open. A neighbor, who was looking through the peephole of her door, notified the police of the break-in. When the police arrived at the scene, Winegeart and his friends ran from the apartment, but were apprehended within a short time. The police found a stereo speaker just inside the front door of the apartment. On October 26, 1993, a jury found Winegeart guilty of burglary. On December 9, 1993, the trial court sentenced him to ten years imprisonment.

### DECISION

The trial court instructed the jury, in both preliminary and final instructions, upon the definition of reasonable doubt as follows:

"The burden of proof is upon the State of Indiana to prove the defendant guilty beyond a reasonable doubt.

"A reasonable doubt is such doubt as you may have in your mind when having fairly considered all of the evidence, you do not feel satisfied to a *moral certainty* of the guilt of the defendant. A reasonable doubt is a *fair, actual* and logical doubt that arises in the mind as an impartial consideration of all the evidence and the circumstances in the case. It is not every doubt, however, it is a reasonable one. You are not warranted in considering as reasonable those doubts that may be merely speculative or products of the imagination, and you may not act upon mere whim, guess or surmise or upon the mere possibility of guilt. A reasonable doubt arises, or exists in the mind, naturally, as a result of the evidence or the lack of evidence. There is nothing in this that is mysterious or fanciful. It does not contemplate absolute or mathematical certainty. Despite every precaution that may be taken to prevent it, there may be in all matters depending upon human testimony for proof, a mere possibility of error.

"If, after considering all of the evidence, you have reached such a firm belief in the guilt of the defendant that you would feel safe to act upon that belief, without hesi-

tation, in a matter of the highest concern and importance to you, then you have reached that degree of certainty which excludes reasonable doubt and authorizes conviction.

"This rule on reasonable doubt applies to each of you individually, and it is your personal duty to refuse to convict as long as you may have a reasonable doubt as to the defendant's guilt as charged. Likewise, it is your personal duty to vote for conviction as long as you are convinced beyond a reasonable doubt of the defendant's guilt as charged."

R. at 56–7 (emphasis added).

■ Winegeart did not object to this instruction at trial. However, he now contends that it constitutes fundamental error. Fundamental error is error so blatant and prejudicial that, if not corrected, it would deny the defendant due process. *Faulisi v. State* (1992), Ind.App., 602 N.E.2d 1032, 1038, *trans. denied.*

Specifically, Winegeart challenges the words "fair" and "actual" in defining reasonable doubt. He also takes issue with the phrase "moral certainty." He contends this language required a degree of doubt much higher than that required for an acquittal and, as a result, violated the Due Process Clause. In support of his argument, he directs us to *Cage v. Louisiana* (1990), 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339, wherein the Supreme Court condemned a portion of the language found in the following "reasonable doubt" instruction:

"If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible

doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty.*"

*Id.* at 40, 111 S.Ct. at 329 (emphasis in original).

In holding that the emphasized language violated the Due Process Clause of the Fourteenth Amendment, the Supreme Court explained:

"It is plain to us that the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilty based on a degree of proof below that required by the Due Process Clause."

*Id.* at 41, 111 S.Ct. at 329–30.

In *Bell v. State* (1993), Ind., 610 N.E.2d 229, *reh'g denied,* our supreme court considered a *Cage* challenge to a "reasonable doubt" instruction which stated:

"A 'reasonable doubt' is a *fair, actual* and *logical* doubt that arises in your mind after an impartial consideration of all of the evidence and circumstances in the case. It should be doubt based upon reason and common sense and not a doubt based upon imagination or speculation.

"If, after considering all of the evidence, you have reached a firm belief in the guilt of the Defendant that you feel safe to act upon that belief, without hesitation, in a matter of the highest concern and importance to you, then you will have reached that degree of certainty which excludes reasonable doubt and authorizes conviction.

"The rule of law which requires proof of guilt beyond a reasonable doubt applies to each juror individually. Each of you must refuse to vote for conviction unless you are convinced beyond a reasonable doubt of

the Defendant's guilt. Your verdict must be unanimous."

*Id.* at 234 (emphasis added).

In *Bell*, the defendant on appeal objected to the words "fair" and "actual" doubt, and argued that the use of these words changed the standard of proof for acquittal as in *Cage.* Our supreme court rejected this argument, however, and found that because the words "fair" and "actual" doubt were defined later in the same paragraph with the language "doubt based on reason and common sense and not upon imagination or speculation," no error existed.

Much the same result was reached by this court recently in *Strong v. State* (1994), Ind. App., 633 N.E.2d 296, wherein we considered a "reasonable doubt" instruction which was essentially the same as that found in *Bell.* In *Strong,* the defendant argued that the "fair, actual, and logical doubt" language was the equivalent of the language in *Cage* defining reasonable doubt as an "actual substantial doubt." In rejecting the defendant's contention, we found:

> "The words 'fair, actual, and logical doubt' do not suggest a higher degree of doubt than required for acquittal under the reasonable doubt standard. The words 'substantial' and 'grave' are quite different definitionally from 'reasonable.' However, the words 'fair, actual and logical' are all synonymous with 'reasonable,' and thus do not elevate the doubt required to a level above that inherent in 'reasonable.' "

*Id.* at 299.

We are inclined to agree with the reasoning in *Bell* and *Strong* with respect to Winegeart's challenge to the words "fair" and "actual" doubt. However, unlike the *Bell* and *Strong* "reasonable doubt" instructions, the instruction here equates reasonable doubt with "moral certainty," as did the instruction in *Cage.* Specifically, the first substantive sentence instructed the jury as follows:

> "A reasonable doubt is such doubt as you may have in your mind when having fairly considered all of the evidence, you do not feel satisfied to a *moral certainty* of the guilt of the defendant."

R. at 56.

The State points out, and we concede, this instruction does not also contain the words "substantial" and "grave" which the Supreme Court in *Cage* found to suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. Further, the State argues that because the instruction only "passingly refers to 'moral certainty,' " fundamental error did not occur. Brief of Appellee at 5. We, however, believe the above-mentioned sentence was prominently placed within the instruction. We also believe the "moral certainty" language may have indicated to the jurors that the beyond a reasonable doubt standard of proof was a matter of "moral certainty," rather than a matter of "evidentiary certainty," and, thus, may have allowed the jury, as the Supreme Court concluded in *Cage,* to find the defendant guilty based upon a degree of proof below the "beyond a reasonable doubt" standard as is required by the Due Process Clause. Conversely, depending upon an individual juror's subjective definition of "moral certainty," the language may have permitted a juror to impose a higher degree of proof upon the evidence presented than that required by an "evidentiary certainty."

█ In any case, we find this language carried with it the distinct potential of impermissibly relieving the State of its constitutionally-imposed burden of proof. Thus, because the "reasonable doubt" instruction in this case failed to present an objective standard by which the jurors were to judge Winegeart's guilt, we find the giving of this instruction denied him his right to due process and, as a result, constituted fundamental error.[1]

---

1. We note a flawed reasonable doubt instruction is not subject to a harmless error analysis. *Sullivan v. Louisiana* (1993), — U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182; *Strong, supra.*

   Furthermore, because we reverse based on a fundamental error analysis of the "reasonable doubt" instruction given at Winegeart's trial, we decline to address his contention that his due process rights were violated when the trial court gave a jury instruction that impermissibly shifted the burden of proof to Winegeart to disprove an element of the State's case against him.

Accordingly, we reverse and remand for a new trial.

RILEY and RUCKER, JJ., concur.