**Larry R. DEAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A02–9505–CR–268.**

Court of Appeals of Indiana.

Nov. 20, 1995.

---

5. Formerly Ind.Code Ann., ch. 9–11–2 (West     Supp.1988).

Robert J. Bratch, Jr. Marion, for Appellant.

Pamela Carter, Attorney General of Indiana and Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## *OPINION*

BARTEAU, Judge.

A jury convicted Larry R. Dean of operating a vehicle while suspended as an habitual traffic violator,[1] a Class D Felony. Two issues are presented for review:

1. Whether the content of the Notice of Suspension mailed to Dean was inadequate to constitute a valid suspension for being an habitual traffic law violator under Ind. Code 9–30–10–5;  and

2. Whether the reasonable doubt instruction allowed the jury to find Dean guilty based on a degree of proof other than beyond a reasonable doubt.

We affirm.

## *SUFFICIENCY OF NOTICE*

Dean contends that the Notice of Suspension, informing him that his driving privileges had been suspended for being an habitual traffic violator, did not comply with the requirements of Ind.Code 9–30–10–5(c) in that it failed to inform Dean that he may have been entitled to relief under Section 6 of that chapter. Ind.Code 9–30–10–5(c) provides that the notice of suspension "must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter." Ind. Code 9–30–10–6 provides:

**9–30–10–6 Notification of material error in record; determination of error, effect; judicial review**

Sec. 6. (a) A person who has received a notice under section 5 of this chapter may notify the bureau, in writing on forms provided by the bureau, that the bureau's records contain a material error with respect to the person's driving record. If a person so notifies the bureau, the bureau shall, within thirty (30) days after the date the notice was received by the bureau, determine whether a material error was made with respect to the person's driving record.

(b) If the bureau determines that a material error was made with respect to the person's driving record, the bureau shall:

(1) prevent the suspension of;  or

(2) reinstate;  the person's driving privileges.

(c) The bureau shall notify the prosecuting attorney of the county where the record originated that the bureau has determined that a material error exists. The prosecuting attorney is entitled to respond to the bureau's determination.

---

1. Ind.Code 9–30–10–16.

(d) An action taken or a determination made by the bureau under this chapter is not subject to IC 4–21.5. However, the person may file a petition for judicial review under this chapter.

The Notice of Suspension mailed to Dean reads in pertinent part:

If our records contain a clerical error, you may request an administrative review (see enclosed form).

Dean contends that the notification fails to comply with I.C. 9–30–10–5(c) because it does not state that Dean was entitled to relief under I.C. 9–30–10–6. He contends that the term "clerical error" is not the equivalent of the term "material error" and thus the notice was inadequate to constitute a valid suspension for being an habitual traffic law violator. Dean cites *Bishop v. State* (1994), Ind.App., 638 N.E.2d 1278, *reh'g denied*, in support. This court stated in *Bishop*:

Proof of mailing the notice is an evidentiary prerequisite to proving that a suspension for being a habitual traffic law violator is valid. It logically follows that proof of the content of the Notice mailed is an evidentiary prerequisite to a valid suspension."

■■■ While we agree with Dean's contention, based on *Bishop*, that proof of the content of the notice is an evidentiary prerequisite to proving a valid suspension, we do not agree that the content of the notice sent to Dean was inadequate to satisfy the statutory requirement. Ind.Code 9–30–10–5 merely requires notice that relief may be available under section 6. It does not provide the precise language which must be included in the advisement. The notice sent to Dean provided that administrative review was available in the event of a clerical error. This advisement provided Dean with the knowledge that if he believed the suspension was erroneous, there was an administrative review procedure available to him—which is the substance of section 6. The fact the notice used "clerical" rather than "material" does not change the nature of the advisement. The notice adequately advised Dean of the possibility of relief under section 6.

### REASONABLE DOUBT

Dean contends that the trial court's reasonable doubt instruction was fundamentally flawed. On the issue of reasonable doubt, the trial court gave the following instructions:

Instruction No. 1.13

Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the defendant guilty of each essential element of the crime charged, beyond a reasonable doubt.

The defendant is not required to present any evidence to prove his innocence or to prove or explain anything.

Instruction No. 1.15

A reasonable doubt is a fair, actual and logical doubt that arises in you [sic] mind after an impartial consideration of all the evidence and circumstances in the case. It should be a doubt based upon reason and common sense and not a doubt based upon imagination or speculation.

**To prove the defendant's guilt of the elements of the crime charged beyond a reasonable doubt, the evidence must be such that it would convince you of the truth of it, to such a degree of certainty that you would feel safe to act upon such conviction, without hesitation, in a matter of the highest concern and importance to you** (emphasis added).

Dean did not object to any of the court's reasonable doubt instructions, but now contends that the highlighted portion of the above instruction was erroneous in that it permitted the jury to find him guilty on a standard less than beyond a reasonable doubt.

■■■ This court has previously held that it is fundamental error to instruct a jury that it may determine a person's guilt beyond a reasonable doubt based upon the jurors's perception of "moral certainty", due to the fact that such impermissibly allows the jurors to rely upon their own subjective standards. *Winegeart v. State* (1994), Ind.App., 644 N.E.2d 180. Dean argues that the trial court's reference to "in a matter of the highest concern and importance to you" likewise

permitted the jury to determine his guilt based upon subjective standards. We do not agree. The instruction in *Winegeart* provided "A reasonable doubt is such doubt as you may have in your mind when having fairly considered all of the evidence, you do not feel satisfied to a moral certainty of the guilt of the defendant." *Id.* at 181. "Moral certainty" solely refers to what the jury determines to be reasonable doubt and because what "moral certainty" is to each juror is completely subjective, an instruction to that effect is flawed. The instruction before us does not suffer from the same defect. The mere fact that a reasonable doubt instruction contains a subjective consideration does not make it defective. It is only when the subjective portion of the instruction goes directly to the definition of reasonable doubt that a problem arises. In this case the language "of the highest concern and importance to you," while subjective, does not go to the definition of reasonable doubt. Thus, it does not invalidate the instruction.

The conviction is affirmed.

RUCKER and STATON, J.J., concur.