## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2015, 9:01 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Lawrence D. Newman<br>Noblesville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rumaldo M. Juarez<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana<br>*Appellee-Petitioner.* | July 8, 2015<br><br>Court of Appeals Case No.<br>29A04-1410-CR-508<br><br>Appeal from the Hamilton Superior Court<br><br>The Honorable Steven R. Nation, Judge<br><br>Trial Court Case No.<br>29D01-1309-FB-8078 |

**Mathias, Judge.**

[1] Rumaldo Juarez ("Juarez") appeals his convictions for Class B felony sexual misconduct with a minor and Class C felony sexual misconduct with a minor. On appeal, Juarez raises one issue, which we restate as: whether the trial court

abused its discretion in denying counsel's motion to withdraw and in not allowing Juarez to discharge his counsel.

[2] We affirm.

## Facts and Procedural History

[3] From January 2012 through the summer of 2013, Juarez lived with his cousin, his cousin's husband, and their two daughters in Westfield, Indiana. At some point shortly after he moved in with the family, twenty-four-year-old Juarez began a sexual relationship with his cousin's daughter, thirteen-year-old S.S. Juarez moved out of the home during the summer of 2013 but continued his sexual relationship with S.S. In September of 2013, S.S.'s mother discovered the relationship after finding text messages from Juarez on S.S.'s cell phone. Juarez later admitted to another family member that he and S.S. had been having sexual intercourse.

[4] On September 30, 2013, the State charged Juarez with Class B felony sexual misconduct with a minor and Class C felony sexual misconduct with a minor. The trial court appointed a public defender to represent Juarez in January 2014, after Juarez's retained counsel withdrew his appearance. A jury trial was scheduled and rescheduled several times, and eventually set for August 11, 2014.

[5] On July 17, 2014, Juarez filed a "Motion for Immediate Dismissal of State Provided Counsel." In his motion, he asked that the trial court dismiss his counsel and appoint a new public defender. He claimed that he did not trust his

counsel; that counsel had disclosed to Juarez confidential information related to two of counsel's other clients; and that counsel "was disrespectful" and "revealed aspects or scenarios of [Juarez's] case" when he made a statement off the record to Juarez that Juarez was "a lover not a fighter." Appellant's App. p. 42. The trial court held a hearing on Juarez's motion on January 23, 2014. At the hearing, counsel stated that he would join in Juarez's motion because Juarez's motion itself "indicates that there has been a substantial breakdown." Tr. p. 12.

[6] The State objected to Juarez's motion, arguing that appointment of yet another attorney would result in further delay of the case, that Juarez failed to show that the relationship with his counsel had broken down to the extent that counsel could not make competent representation of Juarez, and that no manifest necessity existed. The State also argued that the court should consider the adverse effect of further delay in the proceedings on the victim, S.S., who was younger than sixteen years old at the time.

> After hearing argument, the trial court denied Juarez's motion, stating [Counsel] is the second attorney involved in this case. The trial has been scheduled first on February 3rd, again on April 14th, again on June 9th, then I believe it was reset for a July date, yes, the 14th, and then finally for a jury trial on August 11th. A considerable amount of time has passed since the original filing in this case and I am concerned about the manifest injustice that might be done concerning both the Defendant and of course the allegations of the victim here that need to be brought to trial.

Tr. p. 18.

[7] A jury trial was held on August 11, 2014. The jury found Juarez to be guilty as charged, and the trial court sentenced him to an aggregate sentence of twelve years, with eight years executed and four years suspended to probation.

[8] Juarez now appeals.

## Discussion and Decision

[9] Juarez contends that the trial court abused its discretion when it denied his motion to discharge his appointed counsel and his counsel's motion to withdraw. An indigent defendant has the right to representation by counsel; however, he has no right to representation by court-appointed counsel of his choice. *Moore v. State*, 557 N.E.2d 665, 668 (Ind. 1990). Whether to allow counsel to withdraw is within the trial court's discretion, and we will reverse only "when denial constitutes a clear abuse of discretion and prejudices the defendant's right to a fair trial." *Strong v. State,* 633 N.E.2d 296, 300 (Ind. Ct. App. 1994). A trial court may refuse a motion to withdraw if it determines withdrawal will result in a delay in the administration of justice. *Moore v. State,* 557 N.E.2d 665, 668 (Ind. 1990). Further, a defendant must demonstrate that he was prejudiced before we may reverse on this issue. *Bronaugh v. State,* 942 N.E.2d 826, 830 (Ind. Ct. App. 2011), *trans. denied.*

[10] Indiana Code section 35-36-8-2(b) provides that a trial court shall allow counsel for the defendant to withdraw from the case if there is a showing that:

> 1) counsel for the defendant has a conflict of interest in continued representation of the defendant;

(2) other counsel has been retained or assigned to defend the case, substitution of new counsel would not cause any delay in the proceedings, and the defendant consents to or requests substitution of the new counsel;

(3) the attorney-client relationship has deteriorated to a point such that counsel cannot render effective assistance to the defendant;

(4) the defendant insists upon self representation and the defendant understands that the withdrawal of counsel will not be permitted to delay the proceedings; or

(5) there is a manifest necessity requiring that counsel withdraw from the case.

[11] Juarez argues that the trial court abused its discretion in denying his motion because "both he and his counsel advised the trial court that Juarez would be harmed by trial counsel continuing his representation of Juarez." Appellant's Br. at 14. He contends that his counsel's disclosure of information about two of counsel's clients and counsel's statement that Juarez is a "lover, not a fighter," caused Juarez to believe that he could not trust counsel to keep information about his case confidential. *Id.*

[12] However, Juarez has failed to demonstrate that any of the information his counsel relayed to him about counsel's other two clients was confidential. Furthermore, the record does not support Juarez's claim that counsel called him "a lover, not a fighter." Even if the record did support this assertion, we cannot see how this statement would erode the attorney-client relationship to the extent that counsel could no longer competently represent Juarez. We therefore conclude that Juarez has failed to demonstrate that he was prejudiced by defense counsel's continued representation.

[13]     We further note that on the date Juarez filed his motion, July 16, 2014, the case had been pending for ten months and his jury trial was set for August 11, 2014, less than a month later. The trial court was within its discretion in determining that defense counsel's withdrawal would delay the administration of justice. *See Schmid v. State,* 804 N.E.2d 174, 178 (Ind. Ct. App. 2004) (finding that the defendant failed to exercise her right to counsel of choice at the appropriate stage of the proceeding and noting that it is generally neither appropriate nor advisable to hire new counsel for a case that has been pending for seventeen months with a jury trial set in just over thirty days), *trans. denied.*

[14]     For all of these reasons, we conclude the trial court did not abuse its discretion by denying defense counsel's motion to withdraw his appearance. *See Moore,* 557 N.E.2d at 668 (denial of motion to withdraw not abuse of discretion where motion arose within three weeks of trial and appellant did not demonstrate that continued representation prejudiced him); *Bronaugh,* 942 N.E.2d at 830 (denial of motion to withdraw not abuse of discretion where hearing on motion was one month before trial and appellant did not demonstrate that continued representation prejudiced him).

[15]     Affirmed.

May, J., and Robb, J., concur.