## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2019, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcus Noy, *Appellant-Defendant,* | October 30, 2019 |
| v. | Court of Appeals Case No. 19A-CR-820 |
| | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable William C. Menges, Judge |
| | Trial Court Cause No. 34D01-1707-F2-820 |

**Pyle, Judge.**

# Statement of the Case

Marcus Noy ("Noy") appeals the sentence imposed after a jury convicted him of Level 2 felony dealing in cocaine;[1] Level 3 felony possession of a narcotic drug;[2] and Level 3 felony possession of cocaine.[3] He argues that the trial court abused its discretion in denying trial counsel's motion to withdraw and also asks this Court to remand the case to the trial court for clarification of his sentence. Concluding that: (1) the trial court did not abuse its discretion in denying trial counsel's motion to withdraw; and (2) there is a conflict between the trial court's oral sentencing statement and the written sentencing statement, we affirm and remand with instructions for the trial court to clarify the sentence that it intended to impose.

Affirmed and remanded with instructions.

# Issues

1. Whether the trial court abused its discretion in denying trial counsel's motion to withdraw.

2. Whether this case should be remanded to the trial court for clarification of Noy's sentence.

---

[1] IND. CODE § 35-48-4-1.

[2] I.C. § 35-48-4-6.

[3] *Id.*

# Decision

[3] In June 2017, Noy was a long-term guest at the Baymont Inn in Kokomo. While cleaning his room, a housekeeper observed on the nightstand a bag containing a white powdered substance. The housekeeper contacted the hotel manager, who found in the room another bag containing a white powered substance. The manager contacted law enforcement officials, who obtained a warrant to search the room. During the search, law enforcement officials found 296 grams of compressed heroin, 52 grams of cocaine, a digital scale covered in white residue, Noy's credit card that also had a white residue on it, and a cutting agent.

[4] The State charged Noy with Count 1, Level 2 felony dealing in a narcotic drug (heroin); Count 2, Level 2 felony dealing in cocaine; Count 3, Level 3 felony possession of a narcotic drug (heroin); and Count 4, Level 3 felony possession of cocaine. Private counsel ("private counsel") represented Noy at trial. A jury convicted Noy of Level 2 felony dealing in cocaine, Level 3 felony possession of a narcotic drug, and Level 3 felony possession of cocaine, and acquitted him of Level 2 felony dealing in a narcotic drug.

[5] In February 2019, after the trial, but before the sentencing hearing, Noy sent a letter to the trial court. In the letter, Noy explained that although he had paid private counsel to represent him, counsel was "the reason why [Noy] was found guilty." (App. 32). According to Noy, counsel "did none of the things [Noy had] asked." (App. 32). Specifically, Noy explained that he had asked counsel "to file a suppression motion about the hotel maids entering [his] room illegally

and about hotel policy about the maids cleaning a room that [was] occupied." (App. 32). Noy, who believed that he would not have been convicted had the motion been filed, asked the trial court to appoint a public defender for the sentencing hearing.

[6] In response to Noy's letter, private counsel filed a motion to set a counsel status hearing, which the trial court granted. At the hearing, private counsel told the trial court that based on Noy's letter, private counsel believed that there had been a breakdown in the attorney and client relationship. Private counsel tendered a motion to withdraw his appearance. The State took no position on the motion. The trial court explained that Noy did not have the right to have a public defender appointed for the sentencing hearing "simply because [he did not] like the way that [private counsel had] handled the trial." (Tr. Vol. 2 at 170-71). The trial court further explained that there had "been absolutely nothing that the Court ha[d] seen to show that [private counsel was] either ineffective or unethical or violated anything else." (Tr. Vol. 2 at 171). According to the trial court, it "s[aw] no reason to discharge [private counsel] simply because [Noy . . . ] didn't like the outcome of the trial." (Tr. Vol. 2 at 171). The trial court instructed Noy to choose whether he wanted to represent himself or be represented by private counsel. After some discussion, Noy decided that he wanted to proceed with private counsel at the sentencing hearing. Accordingly, the trial court denied private counsel's motion to withdraw, and private counsel represented Noy at the sentencing hearing the following day.

[7] After hearing testimony at the sentencing hearing, the trial court vacated the conviction for Level 3 felony possession of cocaine for double jeopardy reasons. Thereafter, the trial court orally sentenced Noy to thirty (30) years executed for Level 2 felony dealing cocaine conviction and sixteen (16) years for the Level 3 felony possession of a controlled substance conviction. The trial court ordered the sentences to run consecutively to each other and suspended the sixteen (16) year sentence to supervised probation.

[8] A few days later, the trial court issued a written sentencing order wherein it sentenced Noy to thirty (30) years executed for the Level 2 felony dealing cocaine conviction and sixteen (16) years for the Level 3 possession of a controlled substance conviction. However, the trial court ordered the sixteen (16) year sentence to be served in the Department of Correction rather than on probation. Noy now appeals.

# Decision

[9] Noy argues that the trial court abused its discretion in denying private counsel's motion to withdraw. He also asks this Court to remand the case to the trial court for clarification of his sentence. We address each of his arguments in turn.

### 1. Motion to Withdraw

[10] Noy first argues that the trial court abused its discretion in denying private counsel's motion to withdraw. However, Noy has waived appellate review of this issue because his brief, conclusory argument is supported neither by citation

to authority nor cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[11] Waiver notwithstanding, we find no error. Whether to allow counsel to withdraw is within the trial court's discretion, and we will reverse only "when denial constitutes a clear abuse of discretion and prejudices the defendant's right to a fair trial." *Strong v. State*, 633 N.E.2d 296, 300 (Ind. Ct. App. 1994). A defendant must demonstrate that he was prejudiced before we may reverse on this issue. *Bronaugh v. State*, 942 N.E.2d 826, 830 (Ind. Ct. App. 2011), *trans. denied*. Here, Noy has failed to allege or demonstrate that private counsel's continued representation at sentencing prejudiced him. The trial court did not abuse its discretion in denying counsel's motion to withdraw.

## 2. Clarification of Noy's Sentence

[12] Noy also asks this Court to remand the case to the trial court for clarification of his sentence. The State agrees with Noy's request. Our review of the sentencing statements reveals that in the oral sentencing statement, the trial court ordered Noy's sixteen (16) year sentence for Level 3 possession of a controlled substance to be suspended to probation. However, in its written sentencing statement, the trial court ordered Noy to serve the sixteen (16) year sentence in the Department of Correction. Where, as here, we are confronted with a conflict between the oral sentencing statement and the written sentencing

statement, we may remand for clarification. *See Weston v. State*, 2019 WL 4783480 (Ind. Ct. App. October 1, 2019). Accordingly, we remand with instructions for the trial court to clarify whether it intended for Noy to serve the sixteen (16) year sentence on supervised probation or in the Department of Correction.[4]

[13] Affirmed and remanded with instructions.

Robb, J., and Mathias, J., concur.

---

[4] Noy also argues that the trial court erred in ordering his sentences to run consecutively to each other and that his aggregate sentence is inappropriate. However, because we are remanding the case to the trial court for a clarification of Noy's sentence, we need not address these issues.